JOE FAMBROUGH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fambrough v. Commissioner
Docket No. 23526-87
United States Tax Court
T.C. Memo 1990-104; 1990 Tax Ct. Memo LEXIS 100; 58 T.C.M. (CCH) 1541; T.C.M. (RIA) 90104; February 28, 1990
Joe Fambrough (pro se), Michael P. Mears (on brief), and Thomas A. Crear (on brief), for the petitioner. Steven J. Sibley, for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge: The Commissioner determined deficiencies in, and additions to, petitioner's Federal income tax as follows: Year
Deficiency
[1] 6651 6653(a)
6653(a)(1)
6653(a)(2)
6654
1978
$ 303,032
$ 75,758
$ 15,152
--
--
$ 9,674
1979
175,380
43,845
8,769
--
--
7,342
1980
1,835,316
458,829
91,766
--
--
116,937
1981
1,221,878
305,470
--  61,094
* 93,626
*101 Because petitioner had not filed Federal income tax returns during the years in issue, the Commissioner estimated the amount of petitioner's unreported income for the years in issue. Prior to trial the parties stipulated to the amounts of unreported income. The following shows the Commissioner's estimates and the amounts stipulated: Year
Estimated Amount
Stipulated Amount
1978
$ 468,906
$ 100,134
1979
276,315  212,506  1980
2,645,339
75,236   1981
1,789,407
47,177   The issues for us to decide are (1) whether petitioner is liable for additions to tax for failure to file Federal income tax returns for taxable years 1978 through 1981, and (2) whether petitioner is liable for additions to tax for negligence for taxable years 1978 through 1981. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Bakersfield, California at the time he filed the petition in this case. Petitioner, who had a ninth grade education, was employed as a building contractor and a manager of rental property by Kern Valley Homes, Inc., of which he was part owner during the years in issue. Kern Valley Homes, Inc. *102 , built and then sold or rented and managed residential real estate. Petitioner also owned and operated Imperial Floor Service, a carpet cleaning company, as a sole proprietorship during the years in issue. Petitioner was a general partner in the partnership of Lovie D. Johnson and Joe Fambrough during the years in issue. Between 1976 and 1980 petitioner was preoccupied with caring for his sick wife, Marie, and his younger brother who had cancer. Petitioner's work schedule was flexible. During the years in issue, petitioner continued to work although he was unable to manage his rental properties alone. Marie died in 1980 [2] and his brother died sometime after 1980. At the time of trial petitioner was 77 years old. Petitioner concedes that he did not file Federal income tax returns or make estimated tax payments from 1978 through 1981. Petitioner further concedes that he is liable for self-employment tax of $ 1,612 and $ 2,762 in 1980 and 1981, respectively. Petitioner did not cooperate with revenue *103 agents who were attempting to resolve the contested issues prior to trial. OPINION The first issue for us to decide is whether petitioner is liable for additions to tax for failure to file Federal income tax returns for taxable years 1978 through 1981. Section 6651(a)(1) provides for an addition to tax of five percent per month, not exceeding 25 percent, of the tax due for failure to file a Federal income tax return. If the failure did not result from "willful neglect" and was "due to reasonable cause," the addition will not be imposed. Sec. 6651(a)(1). "Willful neglect" has been interpreted to mean a conscious, intentional failure, or reckless indifference. United States v. Boyle, 469 U.S. 241, 246 (1985). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file the returns within the prescribed time. Sec 301.6651-1(c)(1), Proced. and Admin. Regs. Petitioner has conceded that he did not file Federal income tax returns for the years in issue although he knew that he had a duty *104 to file. He maintains that his failure to file was not due to willful neglect but was due to reasonable cause because he was so involved in caring for his sick wife and brother that he was unable to file his income tax returns. Ordinarily, a taxpayer's own illness may be reasonable cause for failing to file income tax returns in certain instances. See Williams v. Commissioner, 16 T.C. 893, 906 (1951). Where a taxpayer's illness or preoccupation does not prevent him from carrying on his normal business operations he is not excused from filing income tax returns.[3] Petitioner testified that he was able to continue performing his daily business operations throughout the years in issue. Petitioner knew that he was obliged to file income tax returns. While we are sympathetic with petitioner's heavy personal losses, we cannot conclude that his failure to file was due to reasonable cause and not willful neglect. *105 The cases petitioner cites are distinguishable. In Harris v. Commissioner, T.C. Memo. 1969-49, the taxpayer herself suffered from a stroke, a heart attack, bladder trouble, breast cancer and other ailments, was frequently hospitalized and her activities were "severely restricted by reason of ill health." 38 P-H Memo T.C. Par. 69,049 at 299, 28 T.C.M. 272, 277. Petitioner was not similarly incapacitated during the years in issue. In Gray v. Commissioner, T.C. Memo. 1982-392, the taxpayer, an unsophisticated person with no business experience, did try to the best of her ability and knowledge to correctly prepare her income tax return notwithstanding her husband's illness during the year in issue. Petitioner, who is part owner of a business and is reasonably familiar with the requirements of the tax law, did not file anything at all during the years in issue. We conclude that petitioner is liable for an addition to tax for failure to file Federal income tax returns. The second issue for us to decide is whether petitioner is liable for an addition to tax for negligence. *106 Section 6653(a) imposes an addition to tax of five percent of an underpayment if any part is due to negligence or intentional disregard of rules and regulations. For purposes of section 6653(a), "negligence" is defined as lack of due care or failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner did not act like a reasonably prudent person in failing to file income tax returns for the years in issue. He knew he had an obligation to file returns and pay income tax, and he has not persuaded us that his failure to do so is reasonable. He did not cooperate with the revenue agents in settling the dispute. Therefore petitioner is liable for an addition to tax for negligence as well as an addition to tax for failure to file Federal income tax returns. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect for the years in issue. ↩
*. 50 percent of interest due on addition to tax pursuant to 6653(a)(1)↩
2. Petitioner so testified. Although the parties stipulated that he was married during the years at issue, petitioner had not remarried, and we accept this testimony.↩
3. See Maller v. Commissioner, T.C. Memo. 1984-614 (taxpayer's concern about his brain tumor, the death of his dog and dental appointments not sufficient to excuse failure to file); Gardner v. Commissioner, T.C. Memo. 1982-542 (taxpayer's alcoholism that did not interfere with his employment not an excuse for not filing); Lewellan v. Commissioner, T.C. Memo. 1981-581 (taxpayer's failure to file 2 years after breaking neck not sufficient to excuse failure to file); Hayes v. Commissioner, T.C. Memo. 1967-80↩ (taxpayer and his wife were both hospitalized, his two children had pneumonia, and his records were in another state around the time his income tax return was due. Failure to timely file excused).