WALTER BLOCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bloch v. Comm'r
Docket Nos. 14418-89, 14609-89 United States Tax Court
T.C. Memo 1992-1; 1992 Tax Ct. Memo LEXIS 6; 63 T.C.M. (CCH) 1701; January 2, 1992, Filed *6 Decision will be entered for respondent. Walter Bloch, pro se. Carmino J. Santaniello, for respondent. CLAPP, Judge. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to tax
Docket No.
Year
Deficiency
6651(a)(1)
6653(a)(1)
14418-89
1985
$ 9,371.00
$ 692.75
$ 910.22
14609-89
1986
5,824.00
355.75
--
Additions to tax
Sections
Docket No.
6653(a)(2)
6653(a)(1)(A)
6653(a)(1)(B)
14418-89
*
--
--
14609-89
--
$ 435.49
*
The issue for decision is whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6653(a). All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT The facts of this case are undisputed. Petitioner resided in Branford, Connecticut, *7 at the time he filed his petition in this case. During taxable year 1985, petitioner received taxable wages in the amount of $ 31,483.49 and nonemployee compensation in the amount of $ 6,963.22. During taxable year 1986, petitioner received taxable wages in the amount of $ 24,525 and nonemployee compensation in the amount of $ 4,620. The payers of these amounts, Gifford Pinchot and Pinchot & Company, issued Forms W-2 (Wage and Tax Statement) and Forms 1099-MISC (Miscellaneous Income) for the years in which these amounts were paid. Petitioner did not file income tax returns for the taxable years 1985 and 1986. OPINION Petitioner agrees that he received taxable wages and nonemployee compensation during 1985 and 1986. He has conceded that he owes the taxes as determined by respondent. However, petitioner requests that this Court find that he is not liable for the additions to tax as determined by respondent. Petitioner bears the burden of proving that respondent erred in determining the additions to tax. Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioner argues that he suffered from a mental illness that not only made him incapable of filing income *8 tax returns, but prevented him from joining the real world. He testified at trial that he has spent much of his life "just wandering around the world." Only within the last 5 years has he been working steadily, attempting to pay his bills, and trying to lead a more conventional lifestyle. If this Court were to find him liable for the additions to tax, he fears that his recovery will be set back. Section 6651(a)(1) provides for an addition to tax of up to 25 percent of the tax due for failure to file a Federal income tax return, unless such failure is "due to reasonable cause and not due to willful neglect." "Willful neglect" has been interpreted as meaning a conscious, intentional failure or reckless indifference. United States v. Boyle, 469 U.S. 241, 246 (1985). However, a mere showing that the failure to file a return was not due to willful neglect is not sufficient to avoid the addition. A taxpayer also must show the presence of reasonable cause. Rembusch v. Commissioner, T.C. Memo. 1979-73. "Reasonable cause" is evidenced if the taxpayer demonstrates that he exercised ordinary business care and prudence, yet was nevertheless unable *9 to file the return within the prescribed time. Sec. 301.6651-1(c)(1), Proced. and Admin. Regs. Section 6653(a) provides that an addition to tax is due if all or part of the taxpayer's underpayment of tax is due to negligence or intentional disregard of rules or regulations. "Negligence" is defined as lack of due care or failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). We acknowledge that a taxpayer's mental incapacity may constitute "reasonable cause" for failure to file returns. See Brown v. United States, 630 F.Supp. 57 (M.D. Tenn. 1985). However, in the instant case, petitioner has not established that his mental infirmity met the required "reasonable cause" standard so that he might be entitled to relief from the additions to tax. His uncontroverted statements fall short of conclusive medical proof of a mental illness. Moreover, it cannot escape our attention that petitioner, although he testified that he had no desire to join the real world, functioned in many ways as a normal individual. He maintained a job with the same employer for at least *10 the 2 years at issue, and he had lived at the same residence for several years. Despite petitioner's belief that he was unable to bring himself to file returns, we are not convinced that he was so mentally ill that he could not appreciate his duty to file tax returns and pay his taxes. We believe that petitioner understood his obligation to file returns but did not deal with the situation. We cannot find as a legal matter that petitioner acted reasonably. Such a nebulous and subjective position cannot be reasonable cause. Accordingly, we find that petitioner is liable for the additions to tax under sections 6651(a)(1) and 6653(a). Decisions will be entered for respondent. Footnotes
*. 50 percent of the interest due on the deficiency↩