T.C. Memo. 1999-416

UNITED STATES TAX COURT

ROBERT C. AND DIANA J. WATTS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9289-98.                    Filed December 23, 1999.

<u>Cheryl Frank</u> and <u>Gerald W. Kelly, Jr.</u>, for petitioners.

<u>Elizabeth A. Owen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined deficiencies in
petitioners' Federal income tax and an addition to tax and a
penalty as follows:

| Year | Deficiency | Addition to tax and penalty | |
|---|---|---|---|
| | | Sec. 6651(a)(1) | Sec. 6662 |
| 1994 | $3,624 | $7,035 | $5,628 |
| 1995 | 5,150 | 2,431 | 2,567 |

After concessions, the issues for decision are:

1. Whether petitioners are liable for additions to tax for failure to file timely returns under section 6651 for 1994 and 1995. We hold that they are.

2. Whether petitioners are liable for an accuracy-related penalty for negligence under section 6662 for 1994 and 1995. We hold that they are.

References to petitioner are to Robert C. Watts. Section references are to the Internal Revenue Code in effect for the years at issue.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A. <u>Petitioners</u>

Petitioners lived in San Antonio, Texas, when they filed their petition.

Petitioner was an architect, and Mrs. Watts was a teacher during the years in issue. Petitioner worked very long hours during those years.

Petitioner's main client was the Church of the Latter Day Saints. He frequently traveled in Texas during the years in issue to oversee the building and renovation of churches.

Petitioners' daughter, Kaye, became seriously ill around May 1994. Petitioner frequently took her to see doctors in 1994 and 1995. She was briefly hospitalized three times in 1994 and 1995.

Petitioner's mother had a long illness in 1994 and 1995. Petitioner frequently took her to doctor's appointments and picked up her medications. He also met with contractors who repaired her house, and he sold her car. She was hospitalized several times in 1995, and petitioner stayed overnight with her in the hospital once. Petitioner's mother died on March 28, 1996. Petitioner was the executor of his mother's estate.

Petitioner's sister, Lorna Gail (Gail), moved to San Antonio in 1994 to help him care for their mother. However, Gail was seriously injured in a car accident on September 7, 1994, and could not help petitioner care for their mother.

B.   Petitioners' 1994 and 1995 Income Tax Returns

Petitioner kept detailed records of his business receipts and deductions for 1994 and 1995, his business activities, and how he spent his time away from the business in 1994 and 1995. He had records that showed he had gross receipts from his business of $134,351.21 in 1994. However, he did not rely on these records when he prepared his 1994 return.

Petitioners received a Form 1099-C which showed that they had cancellation of indebtedness income of $18,067 for 1994. They did not report this amount in income on their 1994 return. Petitioners reported income from petitioner's architectural services on a Schedule C that they attached to their 1994 return. On it, petitioners reported gross receipts of $114,351.21 and a

bad debt of $3,640. Petitioners had not included the $3,640 amount in income in any prior year.

Petitioners' 1994 return was due April 15, 1995. They applied for and got an extension to file their 1995 return on August 15, 1996. Petitioners filed their 1994 return 14 months late, on June 19, 1996. They filed their 1995 return 4 months late, on December 12, 1996.

Respondent determined that petitioners had income of $145,346 for 1994 and $93,680 for 1995 using the bank deposits method. Petitioners agreed to all of the adjustments relating to unreported income and overstated deductions made by respondent, except for the addition to tax for late filing and the accuracy-related penalty for negligence.

OPINION

A.    Whether Petitioners Had Reasonable Cause for Their Failure To File Timely Returns for 1994 and 1995

Section 6651(a)(1) imposes an addition to tax for failure to file a tax return unless the taxpayer shows that the failure to file is due to reasonable cause and not due to willful neglect. See United States v. Boyle, 469 U.S. 241, 245 (1985); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). To prove reasonable cause, a taxpayer must show that he or she exercised ordinary business care and prudence but nevertheless could not file the return when it was due. See Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin.

Regs.

Petitioners argue that they had reasonable cause to file their 1994 and 1995 returns late because petitioner's mother and petitioners' daughter had prolonged illnesses in 1994 and 1995, petitioner's sister was in a serious car accident in 1994, petitioner's mother died in March 1996, and petitioner traveled extensively for his architectural business.

Illness or incapacity of a taxpayer or illness of a member of his or her immediate family may be reasonable cause for late filing. See Williams v. Commissioner, 16 T.C. 893, 906 (1951); Hayes v. Commissioner, T.C. Memo. 1967-80. However, a taxpayer's selective inability to perform his or her tax obligations, while performing their regular business, does not excuse failure to file. See Kemmerer v. Commissioner, T.C. Memo. 1993-394; Bear v. Commissioner, T.C. Memo. 1992-690, affd. 19 F.3d 26 (9th Cir. 1994); Bloch v. Commissioner, T.C. Memo. 1992-1; Fambrough v. Commissioner, T.C. Memo. 1990-104.

Petitioners point out that the District Court in In re Craddock, 184 Bankr. 974 (D. Colo. 1995), revd. 149 F.3d 1249, 1255 (10th Cir. 1998), held that the taxpayers had reasonable cause for late filing. However, the U.S. Court of Appeals for the Tenth Circuit reversed the District Court's holding in Craddock on that issue. See In re Craddock, 149 F.3d at 1255-1257. The U.S. Court of Appeals found that the taxpayer's

reasons for his failure to timely file, such as inability to assimilate records or information fast enough, an overworked accounting staff, and computer inefficiencies were not reasonable cause for not filing.  See id.  In re Craddock does not support petitioners' position in this case.

Petitioners also rely on Tabbi v. Commissioner, T.C. Memo. 1995-463.  We disagree that it is analogous.  Unlike what occurred in the instant case, the taxpayers in Tabbi were in the hospital with their son continuously for 4 months (ending in his death) around the time that their return was due.  In contrast, neither petitioner's mother nor petitioners' daughter was hospitalized for a prolonged period in 1994 and 1995.  Despite the fact that petitioner frequently took his mother and daughter to see doctors, he also performed an extensive amount of architectural services during the years in issue.  His mother died on March 28, 1996, but petitioners' 1995 return was not due until August 15, 1996.  The fact that he was actively engaged as an architect suggests that he would have been able to file timely returns for 1994 and 1995 and therefore that he lacked reasonable cause for his failure to do so.  See Merriam v. Commissioner, T.C. Memo. 1995-432 (taxpayer is not excused from filing timely returns because he is overworked), affd. 107 F.3d 877 (9th Cir. 1997); Fambrough v. Commissioner, supra (although the taxpayer cared for his sick wife and brother during the years in issue,

his failure to file was not due to reasonable cause because he continued to perform his daily business operations). We conclude that petitioners' failure to file timely was due to willful neglect and not reasonable cause, and they are therefore liable for the addition to tax under section 6651.

B. <u>Whether Petitioners Are Liable for the Accuracy-Related Penalty for Negligence for 1994 and 1995</u>

Taxpayers are liable for a penalty equal to 20 percent of the part of the underpayment attributable to negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1). Negligence includes failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. See sec. 6662(c).

Petitioners contend that they are not liable for the negligence penalty because two of the adjustments made by respondent, that is, the cancellation of indebtedness and Schedule C bad debt issues, were technical in nature. Petitioners contend that petitioner's errors on their returns were due to reasonable cause and not negligence because he was preoccupied with his mother's and daughter's health problems and his business travel. Petitioners also contend that respondent's use of the bank deposit method to determine petitioner's business gross receipts was not an accurate way to determine income. Finally, petitioners contend that the fact that petitioner did

not rely on his business records does not mean that he negligently prepared petitioners' 1994 and 1995 returns. We disagree.

Petitioners' claim that they were not negligent because the cancellation of indebtedness issue was technical is belied by the fact that they received a Form 1099-C for 1994 reporting the cancellation of indebtedness income, yet they did not report the income or disclose on their 1994 return that they received the Form 1099-C. Similarly, petitioners cannot plead ignorance to the requirements for claiming bad debts since they availed themselves of its benefits. They did not consult an accountant. Petitioners' claim that they were not negligent because respondent's bank deposits method is inaccurate misses the mark since petitioners agreed to all of respondent's adjustments to gross income.

Petitioners point out that the taxpayers in <u>Tudyman v. Commissioner</u>, T.C. Memo. 1996-215; <u>Heasley v. Commissioner</u>, 902 F.2d 380 (5th Cir. 1990), revg. T.C. Memo. 1988-408; and <u>Streber v. Commissioner</u>, 138 F.3d 216 (5th Cir. 1998), revg. T.C. Memo. 1995-601, were found not liable for negligence. We disagree that these cases are analogous to the instant case. In <u>Tudyman</u>, the taxpayer made a reasonable attempt to estimate her loss from an earthquake by relying on an appraiser's estimates. Here, petitioners did not rely on the advice of an accountant or other

tax professional.

In <u>Heasley</u>, the U.S. Court of Appeals for the Fifth Circuit held that the unsophisticated taxpayers in that case were not required independently to investigate investment opportunities. <u>Heasley v. Commissioner</u>, <u>supra</u> at 383-384. The court's holding does not support petitioners' claim that they were not negligent because, in the instant case, respondent's adjustments were to petitioners' unreported income and overstated deductions.

Finally, <u>Streber</u> does not support petitioners' claim. In that case, the taxpayers relied on the advice of their attorney in treating joint venture income as a gift from their father. The U.S. Court of Appeals for the Fifth Circuit held that the taxpayers acted with reasonable care because of their youth and inexperience in business matters and the fact that they relied on their attorney. See <u>Streber v. Commissioner</u>, <u>supra</u> at 222. In contrast, petitioners did not rely on an attorney and did not show that they were unsophisticated in business matters.

As stated above, petitioners did not have reasonable cause for their failure to file timely their 1994 and 1995 returns. We

further conclude that petitioners are liable for the negligence penalty for 1994 and 1995.

To reflect the foregoing,

Decision will be entered for respondent.