T.C. Summary Opinion 2003-44


UNITED STATES TAX COURT



DAVID H. KILSON, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13498-01S.            Filed April 28, 2003.


David H. Kilson, Jr., pro se.

Jeffrey C. Venzie, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

--------

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency and additions to tax in petitioner's 1996 Federal income tax as follows:

| | | Additions to Tax[1] | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| --- | --- | --- | --- | --- |
| 1996 | $16,310 | $3,046 | $3,249 | $704 |

[1] The following figures are rounded to the nearest dollar.

After concessions,[2] the issues are whether petitioner is (1) liable for the addition to tax under section 6651(a)(1) for failure to file a Federal income tax return, and (2) liable for the addition to tax under section 6654(a) for an underpayment of estimated tax. Petitioner resided in Philadelphia, Pennsylvania, at the time the petition was filed.

## Background

From 1995 until 1998, petitioner was employed as a "wagon master" for Visionquest National, Ltd., and Visionquest Lodgemakers. Petitioner's duties included supervising troubled youths on the "wagon train", a group of wagons pulled by mules that travels in many States along the east coast.

In 1995, petitioner's mother became ill and had surgery. In July of 1996, petitioner's mother died. Petitioner temporarily left the wagon train to attend the funeral. Petitioner's father

---

[2] In a stipulation of settled issues the parties agreed to a reduced deficiency of $15,541, and respondent conceded the addition to tax under sec. 6651(a)(2). As a result of the reduced deficiency, the additions to tax under secs. 6651(a)(1) and 6654(a) were reduced to $2,873 and $663, respectively.

was also ill.  According to petitioner, he was "distraught" over his mother's death.

Petitioner did not file a Federal income tax return for the 1996 tax year.  While on the wagon train, however, petitioner did file returns for 1995 and 1997.

## Discussion

### Addition to Tax Under Section 6651(a)(1) for Failure To File

If a Federal income tax return is not timely filed, an addition to tax will be assessed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".  Sec. 6651(a)(1).[3]  A delay is due to reasonable cause if "the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, 469 U.S. 241, 243 (1985).

Petitioner argues that he failed to timely file his 1996 return because of the "emotional distress of my mother's death, my father's ongoing illness and stressful job resulting in

---

[3]   Petitioner has not argued that either sec. 7491(a) or (c) applies to this case.  Additionally, the record does not indicate that respondent's examination commenced after July 22, 1998.  Because sec. 7491 applies only to court proceedings arising from examinations commencing after July 22, 1998, Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 726, we conclude that neither sec. 7491(a) nor (c) applies here to place the burden of proof and/or production upon respondent.  See Eddie Cordes, Inc. v. Commissioner, T.C. Memo. 2002-125 n.13; Peacock v. Commissioner, T.C. Memo. 2002-122.

hardship". Although we sympathize with petitioner over his father's ill health and the loss of his mother, a death in the family some 9 months before the filing date generally does not constitute reasonable cause for failing to file tax returns. See Hastings v. Commissioner, T.C. Memo. 1999-167; Radde v. Commissioner, T.C. Memo. 1997-490.

Additionally, the ability to continue performing daily business operations negates grief as a reasonable cause. See Dickerson v. Commissioner, T.C. Memo. 1990-577; Fambrough v. Commissioner, T.C. Memo. 1990-104. Despite petitioner's grief, he continued his employment as wagon master on the wagon train. Also, petitioner filed returns for 1995 and 1997, irrespective of the logistical difficulties he faced while traveling on the wagon train. We find that petitioner did not have reasonable cause for the failure to file his 1996 return, and respondent's determination as to the addition to tax under section 6651(a)(1) is sustained.

## Addition to Tax Under Section 6654(a) for Failure To Pay Estimated Tax

Section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual". This addition to tax is mandatory unless petitioner shows that one of the statutorily provided exceptions applies. See sec. 6654(e); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). There is no exception for reasonable cause or lack of willful neglect.

Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960).

Petitioner underpaid the estimated tax for 1996,[4] and has not shown that any of the statutory exceptions are applicable. Respondent's determination as to the addition to tax under section 6654(a) is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.

---

[4] Federal income taxes of $2,772 were withheld from petitioner's wages in 1996 and constitute estimated tax payments. Sec. 6654(g)(1).