T.C. Memo. 2005-187

UNITED STATES TAX COURT

ANDREW L. PARADISO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9361-03.                    Filed July 26, 2005.

Andrew L. Paradiso, pro se.

<u>Theresa G. McQueeny</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a deficiency of
$25,490 in petitioner's Federal income tax for 2000 and that
petitioner is liable for additions to tax of $5,689.80 under

section 6651(a)(1)[1] for failure to file, $2,402.36 under section 6651(a)(2) for failure to pay, and $1,358.88 under section 6654(a) for failure to pay estimated tax. Respondent conceded that petitioner is not liable for the addition to tax under section 6651(a)(2) but contends that petitioner is liable for an increased addition to tax under section 6651(a)(1) of $6,322 for 2000. After concessions by the parties, the issues for decision are:

1.    Whether petitioner's sale and purchase of mutual fund shares in 2000 qualifies as a like-kind exchange under section 1031. We hold that it does not.

2.    Whether petitioner may carry forward charitable contribution deductions from 1995 to 2000 in the amount of $977. We hold that he may not.

3.    Whether we have jurisdiction to decide if respondent erroneously applied a $5,908 overpayment for 1992 to 1979. We hold that we do not.

4.    Whether petitioner is liable for the addition to tax for failure to file under section 6651(a)(1) of $6,322 for 2000 and the addition to tax for failure to pay estimated tax under section 6654 for 2000. We hold that he is.

----

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule References are to the Tax Court Rules of Practice and Procedure.

5.    Whether affidavits petitioner sought to offer into evidence after trial are admissible.  We hold that they are not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.    Petitioner

Petitioner resided in Kingston, New York, when he filed the petition in this case.

Petitioner worked for IBM for 20 years and retired in July 1992.  He began to receive Social Security disability benefits in December 1994.  From 2000 through the date of trial, petitioner operated a sole proprietorship through which he sold and repaired personal computers and provided technical assistance related to personal computers.  In 2000, petitioner's sole proprietorship had gross receipts of $1,704 and a net loss of $5,728.

B.    Purchase and Sale of Shares of Fidelity Magellan and Fidelity Growth & Income Funds

On August 11, 1992, petitioner bought 223.947 shares of Fidelity Magellan Fund for $15,002.75 and 695.41 shares of Fidelity SECS Growth & Income Fund for $15,002.75.  Petitioner reinvested dividends and capital gains distributions he received from 1992 to 2000 into the Fidelity Magellan Fund and the Fidelity SECS Growth & Income Fund.  On July 19, 2000, petitioner sold 280.18 shares of Fidelity Magellan Fund for $38,482.72 and

891.027 shares of Fidelity SECS Growth & Income Fund for $42,724.74.

Petitioner received a Form 1099-B, Proceeds From Broker and Barter Exchange Transactions, for 2000 which states that petitioner sold his shares of the Fidelity Magellan Fund and the Fidelity SECS Growth & Income Fund on July 19, 2000.  On a date not stated in the record, petitioner discussed with his broker, William Dunstan (Dunstan), whether the sale of his shares of the two Fidelity funds was taxable.  The record does not indicate what Dunstan said.

C.  Petitioner's Returns

Petitioner prepared draft Federal income tax returns for 1999 and 2000.  He used TurboTax software to prepare a draft 2000 return.  Petitioner did not file Federal income tax returns for 1997, 1998, 1999, or 2000.

D.  Proceedings in This Court

On April 22, 2004, we sent a notice to petitioner setting this case for trial.  The notice states:

> The parties are hereby notified that the above-entitled case is set for trial at the Trial Session beginning on September 27, 2004.
>
> The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. * * *

On the day of the calendar call and trial, petitioner said that he expected to receive an affidavit from Dunstan and a medical affidavit. Petitioner did not offer the affidavits into evidence at trial.

After respondent's opening brief was filed, petitioner filed motions to reopen the record to admit (1) an affidavit from Dunstan regarding the sale of his mutual funds in 2000, and (2) an affidavit petitioner said pertains to his medical condition.

Petitioner attached Dunstan's affidavit to his motion relating to that affidavit. In it, Dunstan states that he had recently learned that petitioner erroneously interpreted the 2000 mutual fund sale as a tax-free exchange. Petitioner did not attach an affidavit to the other motion.

## OPINION

A. Whether Petitioner's Sales of Mutual Fund Shares in 2000 Were Like-Kind Exchanges Under Section 1031

Petitioner contends that his sales of mutual fund shares in 2000 are not subject to income tax in that year because they were like-kind exchanges under section 1031(a)(1). We disagree. Section 1031(a)(1) expressly does not apply to the sale of stock or other securities. Sec. 1031(a)(2)(B) and (C). Thus, petitioner realized taxable income from his sales of mutual fund shares in 2000.

B.   Whether Petitioner May Carry Forward Charitable Contribution Deductions From 1995 to 2000

Petitioner testified and contends that he may carry forward a charitable contribution deduction of $977 from 1995 to 2000. Petitioner testified that he had a pattern of charitable giving. He contends that we may estimate his charitable contributions under Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

A taxpayer may deduct a charitable contribution if substantiated with a canceled check, receipt, or other reliable written record. Sec. 1.170A-13(a)(1), Income Tax Regs. Under Cohan v. Commissioner, supra, we may estimate the amount of a deductible expense if a taxpayer establishes that he or she paid the expense but cannot substantiate the precise amount. Petitioner's only evidence that he contributed the claimed amount is his testimony. He did not provide an adequate basis to permit us to estimate the amount of his contributions under Cohan. We conclude that petitioner may not carry forward charitable contribution deductions from 1995 to 2000.

C.   Whether Respondent Erroneously Applied an Overpayment From 1992 To Pay Tax Petitioner Owed for 1979

Petitioner contends that respondent erroneously applied a $5,908 overpayment for 1992 to satisfy what respondent contends was petitioner's unpaid tax liability for 1979. Petitioner contends that he had fully paid his 1979 taxes by 1986.

We have jurisdiction in this case to redetermine petitioner's deficiency for 2000. We may consider facts from other years if necessary to redetermine the deficiency for 2000. Sec. 6214(b). We need not review respondent's application of petitioner's overpayment for 1992 to 1979 to redetermine petitioner's tax liability for 2000. Thus, we lack jurisdiction to decide this issue.

D.  Whether Petitioner Is Liable for the Addition to Tax Under Section 6651(a)(1) in an Amount More Than Respondent Determined

1.  Burden of Production

An unmarried individual (who is not a surviving spouse or head of household) must file an income tax return if his or her gross income for the year equals or exceeds the exemption amount plus the basic standard deduction for that individual. Sec. 6012(a)(1)(A)(i).

Section 7491(c) places on the Commissioner the burden of producing evidence that it is appropriate to impose additions to tax. To meet that burden, the Commissioner must produce evidence showing that it is appropriate to impose the particular addition to tax, but need not produce evidence relating to defenses such as reasonable cause or substantial authority. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995. Once the Commissioner meets

the burden of production, the taxpayer must, in order to not be found liable for the addition to tax, produce evidence sufficient to show that the Commissioner's determination is incorrect. Higbee v. Commissioner, supra at 447. Respondent has met the burden of production under section 7491(c) with respect to the addition to tax for failure to file under section 6651(a)(1).

2. Whether Petitioner Is Liable for the Addition to Tax Under Section 6651(a)(1) for Failure To File

Section 6651(a)(1) imposes an addition to tax for failure to file a tax return unless the taxpayer shows that the failure was due to reasonable cause and not willful neglect. United States v. Boyle, 469 U.S. 241, 245 (1985). Reasonable cause may exist if the taxpayer exercised ordinary business care and prudence but nevertheless could not file the return within the prescribed time. Id. at 246; Bank of the West v. Commissioner, 93 T.C. 462, 471 (1989).

a. Incapacity or Illness

Petitioner contends that he lacked the mental capacity to file a 2000 return. Petitioner testified that he could not work at IBM or cope with IRS problems after he began to show symptoms of posttraumatic shock syndrome around 1992. He testified that he had a therapist but offered no other evidence relating to his mental health.

A taxpayer's disability or mental incapacity may constitute reasonable cause for failure to file returns.  United States v. Boyle, supra at 248 n.6; Brown v. United States, 630 F. Supp. 57 (M.D. Tenn. 1985).  While general incompetence, mental illness, alcoholism, or other incapacity may excuse a taxpayer from filing, a taxpayer's selective inability to perform his tax obligations in view of his ability to perform normal business operations does not excuse his failure to file.  See Kemmerer v. Commissioner, T.C. Memo. 1993-394; Bear v. Commissioner, T.C. Memo. 1992-690, affd. 19 F.3d 26 (9th Cir. 1994); Bloch v. Commissioner, T.C. Memo. 1992-1; Fambrough v. Commissioner, T.C. Memo. 1990-104.

Petitioner operated a personal computer business from 2000 through the date of trial.  In 2000, that business had gross receipts of $1,704 and a net loss of $5,728.  Petitioner used TurboTax software to prepare a draft return for 2000.  These facts undermine petitioner's claim that he lacked capacity to file a return.  We conclude that petitioner lacked reasonable cause for his failure to file a return for 2000.

b.   Reliance on Tax Professionals

Reasonable cause for failure to file may exist when a taxpayer shows that he or she reasonably relied on the advice of an accountant or attorney that it was unnecessary to file a

return, even if such advice was mistaken. <u>United States v. Boyle</u>, <u>supra</u> at 250. Petitioner contends that he is not liable for the addition to tax under section 6651(a)(1) because he relied on Dunstan, TurboTax, and respondent.

There is no evidence that Dunstan is an accountant, attorney, or tax professional or that Dunstan told petitioner that he was not required to file a return for 2000. Petitioner contends that his TurboTax computer software showed that he was due a refund for 2000. However, petitioner did not show what information he entered. Petitioner did not offer any evidence showing that he relied on advice from respondent in deciding not to file a return for 2000. We conclude that petitioner has not shown reasonable cause for failure to file his Federal income tax return for 2000.

> c. <u>Increased Amount of the Addition to Tax Under Section 6651(a)(1)</u>

Respondent conceded that petitioner is not liable for the addition to tax under section 6651(a)(2) for 2000. Thus, section 6651(c)(1) (reducing the amount imposed by section 6651(a)(1) to 4.5 percent for any month in which both section 6651(a)(1) and (2) are imposed) does not apply, and the 5-percent rate does.

Petitioner's taxable income for 2000 was substantially greater than the $2,800 personal exemption plus the $4,400 standard deduction. Thus, petitioner was required to file a

return for 2000 and is liable for the addition to tax under section 6651(a)(1) of $6,322 for 2000.

3. Whether Petitioner Is Liable for the Addition to Tax Under Section 6654 for Failure To Pay Estimated Tax

Respondent has met the burden of production under section 7491(c) with respect to the addition to tax for failure to pay estimated tax under section 6654(a) because the record shows that petitioner did not pay estimated tax with respect to his tax liability for 2000.

Petitioner contends that he is not liable for the addition to tax under section 6654 for 2000 because no tax was due.  We disagree because (a) tax was due from petitioner for 2000 as discussed above at paragraph A of the opinion, and (b) section 6654(a) applies for reasons described next.

Section 6654(a) imposes an addition to tax for failure to pay estimated income taxes unless one of the exceptions in section 6654(e) applies.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Petitioner does not allege, and we do not find, that he paid estimated tax or that any of the exceptions apply.  Thus, we sustain respondent's determination that petitioner is liable for the addition to tax under section 6654(a).

E. Petitioner's Motions To Reopen the Record

Petitioner requests that we reopen the record to admit into evidence affidavits from Dunstan and his therapist.  He contends

that he did not have the affidavits at trial because he expected the trial to be 2 weeks after the calendar call. We deny his request for reasons stated next.

Reopening the record to submit additional evidence is a matter within the discretion of the trial court. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 331 (1971); <u>Butler v. Commissioner</u>, 114 T.C. 276, 286-287 (2000). A court generally will not grant a motion to reopen the record unless, among other requirements, the evidence relied on (1) is material to the issue for decision and (2) probably would change the outcome of the case. <u>Butler v. Commissioner</u>, <u>supra</u> at 287.

Dunstan's affidavit states that petitioner misunderstood that a stock transaction was a nontaxable exchange and not a sale. Dunstan's affidavit does not show that the sales of mutual fund shares were nontaxable exchanges, that Dunstan believed or told petitioner that they were nontaxable exchanges, that Dunstan was a tax professional, or that petitioner relied on Dunstan's advice. Petitioner has not provided any other affidavits. Thus, we have no reason to believe that, if admitted, the affidavits would change the outcome of this case. In addition, affidavits are generally inadmissible to show the proof of the contents because they are hearsay. <u>Woodall v. Commissioner</u>, T.C. Memo. 2002-318 n.6; <u>Yang-Wu v. Commissioner</u>, T.C. Memo. 2002-68 n.11;

Coutsoubelis v. Commissioner, T.C. Memo. 1993-457; Davis v. Commissioner, T.C. Memo. 1991-603.

  To reflect concessions and the foregoing,

         An order denying petitioner's motions to reopen the record will be issued, and decision will be entered under Rule 155.