T.C. Summary Opinion 2006-149

UNITED STATES TAX COURT

CHARLES H. LITTLE III, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14304-04S.              Filed September 14, 2006.

Charles H. Little III, pro se.

Ilesa McAuliffe, for respondent.

COUVILLION, Special Trial Judge:  This case was heard

pursuant to section 7463 in effect when the petition was filed.[1]

The decision to be entered is not reviewable by any other court,

and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency of $34,496 in petitioner's Federal income tax for the year 2002 and the additions to tax under sections 6651(a)(1) and 6654(a) in the amounts of $10,003 and $1,152.75, respectively.

Prior to trial, the parties agreed to a deficiency in the amount of $12,642.[2]  The remaining issues for decision are whether petitioner is liable for the additions to tax under sections 6651(a)(1) and 6654(a).

Some of the facts were stipulated.  Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioner's legal residence at the time the petition was filed was Mountlake Terrace, Washington.

Petitioner is a real estate agent who specialized in what he described as "manufactured home parks and RV parks".  More specifically, this is a phase or aspect of commercial real estate in which the agent specializes in real estate transactions representing either buyers or sellers of parks or tracts of land that are adapted as a location for manufactured homes and/or recreational vehicles (RVs).  The customary practice is that the entire park is owned by a landlord and lots or spaces in the park are designated and leased for manufactured homes or RVs.  Each lot is provided with the necessary utilities.  The individual

---

[2]The settlement is based upon petitioner's concession that he earned $103,827 in nonemployee compensation during the year and $104 in taxable interest income.

lots are not sold.  The entire park constitutes an economic unit.
Thus, if an investor is interested in purchasing a park, or if
the owner of an existing park desires to sell, real estate agents
such as petitioner typically would be used because of their
experience in this segment of real estate.  Petitioner did not
own, develop, or manage such parks.  He was simply an agent in
what appears to be a niche in the field of real estate.

A notice of deficiency was issued to petitioner for the year
2002.  At the time the notice of deficiency was issued, on June
8, 2004, petitioner had not filed a Federal income tax return for
the year 2002 (the year at issue).  Petitioner acknowledged that,
for several years during the 1990s, he had filed protester
Federal income tax returns.  During these years, he was following
the advice of a lady who apparently specialized in filing
protester returns and in handling correspondence received by her
clients (including petitioner) from the IRS regarding such
returns.  Some of the returns filed by petitioner were "zero"
returns, on which each line on the return was filled in with a
zero.

Petitioner and his wife were also "devastated", as he
explained, over the loss of their daughter, who died unexpectedly
and for no known reason in 1994.  The daughter was not married
and had two young girls.  Prior to her death, she had placed one
of the girls for adoption, and, at her death, petitioner and his

wife assumed custody of the other girl, whom they later adopted. That child was born in 1992 and for several years had serious medical problems, all of which were costly to petitioner and his wife. Petitioner contends that these events had a severe impact on him and his wife. The Court understands that to mean that petitioner and his wife essentially lost focus on their lives. At some point, petitioner heeded the advice of a lady who encouraged people not to pay Federal income taxes, and he filed protester income tax returns based on that advice. As an example, for the 1997 tax year, petitioner and his wife filed a joint Federal income tax return on which they reported their income, expenses, and a tax liability of $6,395. Based on the advice of the return preparer, petitioner thereafter filed three amended returns claiming an overpayment on each amended return. The claimed overpayment on the third return constituted the balance of tax reported on the original return. During all this time, petitioner continued in his regular employment. Petitioner was also courted during this time by other professional tax protesters who charged for their advice on how to beat the tax system. At some point, some of petitioner's peers in the real estate business counseled him that professional protesters were "crooks" who would take his money, and, ultimately, he (petitioner) would be held liable for his taxes. Petitioner accepted this advice and decided to thereafter file Federal

income tax returns, utilizing the services of a responsible certified public accountant. It appears that, for 1 or more years prior to the year at issue, petitioner had to file returns or amended returns to correctly report his income for those years. Petitioner contends that, for these prior years, he was not required by the IRS to pay any penalties. At trial, counsel for respondent agreed that, for these prior years, additions to tax against petitioner were abated. On this history, petitioner contends he should not be held liable for the sections 6651(a)(1) and 6654(a) additions to tax that are before the Court for the 2002 tax year.[3]

Section 7491(c) imposes upon the Commissioner the "burden of production" with respect to the liability of any person "for any penalty, addition to tax, or additional amount imposed by this title". In Higbee v. Commissioner, 116 T.C. 438, 446 (2001), this Court held that the phrase "burden of production" does not mean that the burden of proof is on the Commissioner with respect to penalties and additions to tax. The burden of production under Higbee is satisfied where respondent shows, in the case of the section 6651(a)(1) addition to tax, that no income tax return has been filed or, if filed, was not filed timely and, with respect to section 6654, that estimated taxes have not been paid.

---

[3]For the year at issue, 2002, the income tax return was filed in August 2004 and was accepted and processed by the IRS. A copy of that return was not offered into evidence at trial.

As noted earlier, petitioner had not filed a Federal income tax return at the time the notice of deficiency was issued. Therefore, respondent's burden of production was met as to the section 6651(a)(1) addition to tax.

Section 6651(a)(1) provides for an addition to tax for failure to file a Federal income tax return. This addition to tax is not imposed if the failure to file is not due to "willful neglect" and is "due to reasonable cause". The term "willful neglect" has been interpreted to mean a conscious, intentional failure or reckless indifference. United States v. Boyle, 469 U.S. 241, 245 (1985). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file the return timely. Fambrough v. Commissioner, T.C. Memo. 1990-104. Petitioner's situation here, at best, can be considered reckless indifference. Even though petitioner and his wife were experiencing a stressful situation lingering from the untimely death of their daughter and the illness of their granddaughter, petitioner nonetheless pursued gainful employment during the tax year at issue. These personal problems, although serious, did not prevent petitioner from engaging in his business activity and in earning substantial income. Since these personal problems did not impair petitioner's ability to pursue gainful employment, they likewise should not have impaired petitioner's duty to file a timely

return for the year at issue.  Although additions to tax were abated for petitioner's prior years, the Court sees no basis for an abatement for the year at issue.  The Court, moreover, has no obligation to abate the additions to tax simply because they were abated for prior years.  Respondent is sustained on this issue.

The final issue is respondent's determination that petitioner is liable for the addition to tax under section 6654(a) for failure to pay estimated tax.  This addition to tax is applicable where there is an underpayment of estimated tax, subject to exceptions or waivers that are not applicable here. Sec. 6654(e).  The provisions of this section are mandatory where there is an underpayment of tax as determined under section 6654. This section contains no exonerating provisions, such as reasonable cause or lack of willful neglect.  Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960).  In general, estimated income tax payments are used to provide for payment of income taxes not collected through withholding.  Section 6654(c) provides for quarterly installments.  Income taxes withheld from salaries or wages apply toward the amount of each required quarterly installment; however, to the extent withholdings do not satisfy the required quarterly installments, the taxpayer is required to make supplemental quarterly payments of estimated taxes.  Sec. 6654(f).  Since petitioner was self-employed, he was required to make estimated payments.  He did not make estimated

payments of his taxes for the year at issue. Under section 6654(d), the amount of the four quarterly installments (including taxes withheld) generally must equal 90 percent of the tax for the year, or 100 percent of the tax for the preceding taxable year, whichever is less. The Court, therefore, sustains respondent on this issue.

Reviewed and adopted as the report of the Small Tax Case Division. Due to the agreed reduced deficiency, the additions to tax must be recalculated. Accordingly,

Decision will be entered

under Rule 155.