T.C. Summary Opinion 2017-84

UNITED STATES TAX COURT

VICTORIA L. DUKET, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20560-14S.                              Filed November 9, 2017.

<u>Robert P. Huckaby</u>, for petitioner.

<u>S. Mark Barnes</u>, <u>Randall Craig Schneider</u>, and <u>Robert A. Varra</u>, for

respondent.

SUMMARY OPINION

VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the years in issue, and all Rule references are to

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies, additions to tax, and penalties with respect to petitioner's 2011 and 2012 Federal income tax as follows:

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Accuracy-related penalty sec. 6662(a) |
|------|-----------|--------------------------------|---------------------------------------|
| 2011 | $25,109 | $6,277 | $5,021 |
| 2012 | 18,692 | --- | 3,738 |

After concessions,[2] the issues for decision are whether: (1) petitioner is entitled to Schedule C deductions claimed for tax years 2011 and 2012 in excess of the amounts respondent conceded, (2) petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file a timely return for tax year 2011, and (3) petitioner is liable for accuracy-related penalties under section 6662(a).

---

[1](...continued)
the Tax Court Rules of Practice and Procedure.

[2] The parties agree that petitioner had gross receipts of $88,660 for 2011. Respondent concedes that petitioner may deduct $9,955 of expenses reported on Schedule C, Profit or Loss from Business, for 2011 and $17,950 in Schedule C expenses for 2012.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. At the time she filed her petition, petitioner resided in Nevada.

In 2011 and 2012 petitioner owned a cleaning and maintenance business. She operated this business with her boyfriend, Charles Huber. Petitioner and Mr. Huber lived together and shared their living expenses. In 2011 Mr. Huber began suffering from severe cataracts that left him blind by the next year.

Petitioner's housekeeping clients were a timeshare and a vacation rental management company. She and Mr. Huber also remodeled homes under the umbrella of her business.[3] Petitioner hired contract laborers (whom she referred to as "piece workers") for the housekeeping jobs. Petitioner and Mr. Huber worked alongside these workers. Petitioner paid the workers in cash every two weeks. The amount she paid each worker would depend on the workload and ranged from approximately $60 to $80 a day. Petitioner kept a contemporaneous record of her housekeeping work and payroll using calendars, which served as her bookkeeping system.

---

[3] Petitioner and Mr. Huber performed remodeling for an individual named Kathleen Ballin.

Petitioner paid Mr. Huber for his labor and assistance via her bank account, to which he had access. She issued Forms 1099-MISC, Miscellaneous Income, to Mr. Huber and one other individual, Caesar Ramariz, but not to any of the piece workers.[4] The 2011 Forms 1099-MISC reflect $37,200 paid to Mr. Huber and $6,577 paid to Mr. Ramariz.

The due date for petitioner's 2011 Federal income tax return was April 17, 2012. On September 4, 2012, petitioner filed her return. Her return was late as she had not requested an extension of time. Petitioner prepared her return with Mr. Huber and did not consult any tax professionals.

Petitioner timely filed her 2012 Federal income tax return. As with her 2011 return, petitioner prepared her 2012 return with Mr. Huber's assistance and did not consult any tax professionals. Petitioner's 2011 and 2012 returns included Schedules C reporting expenses of $80,983 for 2011 and $69,966 for 2012. Respondent issued petitioner a notice of deficiency that disallowed all of her Schedule C expense deductions for both years. Before trial respondent conceded that petitioner was entitled to deduct a portion of the disallowed expenses for each

---

[4] Mr. Ramariz was a part-time worker but performed more substantial work than the other piece workers petitioner hired.

year.  See supra note 2.  The following is a table of reported expenses and the amounts respondent conceded:

| Expense | Amount claimed on 2011 Schedule C | Amount respondent conceded for 2011 | Amount claimed on 2012 Schedule C | Amount respondent conceded for 2012 |
|---|---|---|---|---|
| Car & truck | $4,500 | -0- | $10,406 | -0- |
| Contract labor | 59,544 | -0- | 3,260 | -0- |
| Wages | --- | --- | 29,260 | -0- |
| Insurance | 1,680 | $125 | 1,584 | $118 |
| Office expense | 2,416 | 61 | 1,204 | 61 |
| Rent or lease | 382 | -0- | --- | --- |
| Supplies | 9,769 | 9,769 | 24,252 | 17,771 |
| Utilities | 2,692 | -0- | --- | --- |
| Total | 80,983 | 9,955 | 69,966 | 17,950 |

## Discussion

### I.   Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace, and the

taxpayer generally bears the burden of proving entitlement to any deduction claimed.[5] Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).

II.     <u>Business Expense Deductions</u>

Section 162(a) permits a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business. <u>See</u> <u>Commissioner v. Lincoln Sav. & Loan Ass'n</u>, 403 U.S. 345, 352 (1971). A trade or business expense is ordinary if it is normal or customary within a particular trade, business, or industry, and it is necessary if it is appropriate and helpful for the development of the business.[6] <u>Commissioner v. Heininger</u>, 320 U.S. 467, 471 (1943); <u>Welch v. Helvering,</u> 290 U.S. at 113-114.

A taxpayer must maintain adequate records to substantiate the amounts of his or her income and entitlement to any deductions or credits claimed. Sec. 6001;

---

[5] Sec. 7491(a) provides that if, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtit. A or B and meets other prerequisites, the Secretary shall have the burden of proof with respect to that issue. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 440-441 (2001). However, petitioner has neither claimed nor shown that she satisfied the requirements of sec. 7491(a) to shift the burden of proof to respondent. Accordingly, petitioner bears the burden of proof. <u>See</u> Rule 142(a).

[6] Respondent has not challenged the existence of petitioner's business.

sec. 1.6001-1(a), Income Tax Regs. When a taxpayer establishes that she paid or incurred a deductible expense but does not establish the amount of the deduction, we may estimate the amount allowable in certain circumstances. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit us to conclude that a deductible expense was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). Certain expenses may not be estimated because of the strict substantiation requirements of section 274(d). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969).

A. Wage and Labor Expenses

Petitioner claimed deductions of $59,544 and $32,520 for contract labor expenses for 2011 and 2012, respectively.[7] Respondent disallowed all of petitioner's claimed contract labor and wage expense deductions for these years.

Petitioner's testimony at trial was honest, forthright, and credible. We therefore rely on her testimony to resolve this substantiation issue. See Diaz v. Commissioner, 58 T.C. 560, 564 (1972) (observing that the process of distilling

---

[7] On the basis of petitioner's testimony, we construe petitioner's wage expense deductions for 2012 as contract labor expense deductions.

truth from the testimony of witnesses, whose demeanor we observe and whose credibility we evaluate, is the daily grist of judicial life). Petitioner testified that her business used only contract labor. She provided detailed information regarding the number of people she hired, along with estimates of time worked and amounts paid to these individuals. She also offered into evidence Forms 1099-MISC corroborating payments to Mr. Huber and Caesar Ramariz. On the basis of this testimony we conclude that petitioner was entitled to deduct the full amounts of the labor costs she reported on her return for each year in issue.

B. Insurance Expenses

Petitioner claimed deductions of $1,680 and $1,584 for insurance expenses for 2011 and 2012, respectively. Respondent conceded $125 in insurance expenses for 2011 and $118 in insurance expenses for 2012.

At trial petitioner provided no evidence regarding the insurance expenses. Accordingly, as there is no rational basis to approximate these expenses, we conclude that petitioner is not entitled to insurance expense deductions in excess of the amounts respondent conceded.

C. Office and Supply Expenses

Petitioner claimed deductions of $2,416 and $1,204 for office expenses for 2011 and 2012, respectively; petitioner claimed deductions of $9,769 and $24,252

for supply expenses for 2011 and 2012, respectively. Respondent conceded $61 in office expenses and $9,769 in supply expenses for 2011; respondent conceded $61 in office expenses and $17,771 in supply expenses for 2012.

At trial petitioner provided no evidence regarding the office or supply expenses. Accordingly, as there is no rational basis to approximate these expenses, we conclude that petitioner is not entitled to office and supply expense deductions in excess of the amounts respondent conceded.

D.     Rent and Utilities Expenses

Petitioner claimed a deduction for rent and utilities expenses for 2011. Respondent disallowed this deduction in full. At trial petitioner provided no evidence regarding the rent or utilities expenses. Accordingly, as there is no rational basis to approximate these expenses, we sustain respondent's determination as to the rent and utilities deduction.

E.     Car and Truck Expenses

Petitioner claimed deductions for car and truck expenses for 2011 and 2012. Respondent disallowed all of petitioner's car and truck expenses for both years.

Automobile and travel-related expenses are subject to the strict substantiation requirements of section 274(d). Secs. 274(d)(4), 280F(d)(4)(A)(i). To deduct such items, the taxpayer must substantiate through adequate records or

other corroborative evidence the amount of the expense, the time and place of the expense, and the business purpose of the expense. Sec. 274(d). A taxpayer satisfies the "adequate records" test if she maintains an account book, a diary, a log, a statement of expense, trip sheets, or similar records prepared at or near the time of the expenditures that show each element of each expenditure or use. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Petitioner has not satisfied the strict substantiation requirements of section 274(d) as she did not keep any records regarding her car or truck use. She presented no evidence at trial regarding her travel expenses other than a mere estimate of her mileage. Thus, petitioner failed to substantiate her reported automobile expenses in accordance with sections 162 and 274 and the regulations thereunder. Accordingly, we sustain respondent's determination on this issue.

III.  Addition to Tax

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file a timely return for 2011. Petitioner, who

concedes she filed her return after it was due, argues that she is not liable because she acted with reasonable cause.[8]

Section 6651(a)(1) imposes an addition to tax for failure to file a return when due "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". The addition equals 5% of the amount required to be shown as tax on a return for each month that the return is late, not to exceed 25% in total. The Commissioner has the burden of production with respect to the liability of an individual for an addition to tax under section 6651(a)(1). See sec. 7491(c). The burden of showing reasonable cause under section 6651(a) remains on the taxpayer. See Higbee v. Commissioner, 116 T.C. 438, 447 (2001). To show reasonable cause, taxpayers must demonstrate that they exercised ordinary business care and prudence but nevertheless were unable to file their income tax returns by their due dates. See United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c), Proced. & Admin. Regs. Willful neglect is defined as a "conscious, intentional failure or reckless indifference." Boyle, 469 U.S. at 245.

Respondent has met his burden because petitioner filed her 2011 return late. Petitioner, who bears the burden of persuasion, has not established that her failure

---

[8] While petitioner did not address her liability for the addition to tax in her petition, we find that this issue was tried by consent. See Rule 41(b).

to file a timely return was due to reasonable cause.  We are not persuaded by petitioner's argument that Mr. Huber's blindness constitutes reasonable cause.  We appreciate the severity of Mr. Huber's health problems during the relevant time and recognize that a serious illness can constitute reasonable cause for the failure to file a timely return.  See, e.g., Fambrough v. Commissioner, T.C. Memo. 1990-104, 1990 Tax Ct. Memo LEXIS 100, at *5 ("Ordinarily, a taxpayer's own illness may be reasonable cause for failing to file income tax returns in certain instances.").  However, petitioner was not sick or injured, and nothing in the record suggests that she acted as Mr. Huber's caregiver during the relevant period.  We also note that Mr. Huber's blindness did not preclude petitioner and Mr. Huber from participating in petitioner's business activity.  See Wilkinson v. Commissioner, T.C. Memo. 1997-410, 1997 Tax Ct. Memo LEXIS 493, at *25 ("[A] taxpayer's selective inability to meet his or her tax obligations when he or she can carry on normal activities does not excuse a late filing.").  Accordingly, respondent's imposition of the addition to tax under section 6651(a)(1) is sustained.

IV.    Accuracy-Related Penalties

Respondent argues that petitioner is liable for accuracy-related penalties for 2011 and 2012 under section 6662(a) and (b)(1) and (2) for either negligence or disregard of rules or regulations or for a substantial understatement of income tax.

Pursuant to section 6662(a) and (b)(1), a taxpayer may be liable for a penalty of 20% on the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations.  The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, as well as any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

The Commissioner has the burden of production with respect to the accuracy-related penalty.  Sec. 7491(c).  To meet this burden, the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the penalty.  See Higbee v. Commissioner, 116 T.C. at 446.  Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 447.  The taxpayer may meet her burden by proving that she acted with reasonable cause and in good faith with respect to the underpayment.  See sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 447;

sec. 1.6664-4(b)(1), Income Tax Regs. The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess her proper tax liability. Humphrey, Farrington & McClain, P.C. v. Commissioner, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent satisfied his burden of production with regard to negligence by establishing that petitioner did not substantiate several items properly.[9] Petitioner, who bears the burden of persuasion, has not come forward with sufficient evidence that respondent's determination is incorrect. We therefore sustain respondent's imposition of accuracy-related penalties for 2011 and 2012.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

Decision will be entered under

Rule 155.

---

[9] If the Rule 155 computations show that petitioner's understatement of income tax was substantial, respondent will also have met his burden for imposing the sec. 6662(a) penalty on that ground.