# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-2199

DIAMOND PLATING COMPANY,

*Plaintiff-Appellant*,

v.

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 03 C 348—**G. Patrick Murphy**, *Chief Judge.*

———————

ARGUED NOVEMBER 12, 2004—DECIDED DECEMBER 6, 2004

———————

Before BAUER, MANION, and EVANS, *Circuit Judges.*

BAUER, *Circuit Judge.* Plaintiff-Appellant Diamond Plating Company, a manufacturing company that applies chrome and nickel plating to metal products, failed to timely file its employment tax returns for 1998 and 1999 and failed to timely deposit and pay its corresponding tax liability. Diamond Plating tardily filed the returns in 2000, and paid the taxes and interest over the next two years. The IRS assessed penalties against Diamond Plating for failure to timely file returns, failure to timely deposit taxes, and

late payment of taxes. Diamond Plating paid a portion of the penalties, and then requested a refund and abatement, asserting that financial difficulties caused by the loss of a major customer justified its noncompliance. After the IRS Commissioner denied the request, Diamond Plating filed suit for a refund of the already paid penalties and for abatement of the remaining penalties. The district court granted summary judgment in favor of the government. We affirm.

## I. Background

Diamond Plating is a family-run metal finishing business with about thirty employees in Madison, Illinois. Joseph and Loretta Clark owned all of the company's stock until Joseph's death in 1997, at which time Loretta Clark became the sole shareholder. Loretta Clark was also the company president during the relevant time period, though she took a limited role in the operation of the business. Clark's children, Robert Cox and Gina Scaturro, played a more active role in the business, Cox as the vice-president of operations and Scaturro as the secretary-treasurer. Cox was responsible for hiring and firing employees, bidding on jobs, and dealing with customers and vendors, while Scaturro was in charge of all accounting-related activities, including paying creditors, filing Federal Insurance Contributions Act ("FICA") and Federal Unemployment Tax Act ("FUTA") tax returns, and depositing and paying the associated taxes.[1]

---

[1] Under FICA, 12.4% of wages up to an annual limit must be paid into Social Security, and an additional 2.9%, not subject to an annual limit, goes to Medicare. 26 U.S.C. §§ 3101-3111. Employers and employees split the cost, with the employee's portion automatically deducted from his or her paycheck. *Id.* The FUTA tax requires employers to pay 6.2% on the first $7,000 in wages paid

(continued...)

From 1990 to 1993, Diamond Plating's revenue exceeded $2 million every year, with Virco Manufacturing Company accounting for about 80% of its revenue. At the end of 1995, Virco decided to move its metal finishing in-house and substantially reduced its business with Diamond Plating. Diamond Plating's revenue dropped from over $2 million in 1995 to about $920,000 in 1996. Virco began to do business with Diamond Plating again in 1998, returning to approximately 40% of its previous level of business by the end of 1998. By the end of 1999, Virco's business with Diamond Plating had increased to between 50% and 60% of its former level. Diamond Plating had revenue of approximately $1.2 million in 1997, $1.1 million in 1998, $1.6 million in 1999, $1.8 million in 2000, and $2.5 million in 2001.

Beginning with the first quarter of 1998 and continuing through the last quarter of 1999, Diamond Plating stopped filing its quarterly Form 941 FICA tax returns and stopped timely depositing and paying its FICA tax liabilities. Diamond Plating also failed to file its yearly Form 940 FUTA tax returns and failed to timely pay its FUTA liabilities for the years 1998 and 1999. According to Cox, Diamond Plating would have gone out of business or been forced into bankruptcy if it had paid the taxes on time.

Despite the company's failure to file returns and pay its 1998 and 1999 FICA and FUTA taxes, Diamond Plating paid all of its creditors during that period, though some bills were paid late. Diamond Plating also made payments during the period at issue to Clark for a loan she had made to the company. In addition, Diamond Plating increased corporate officer salaries by a total of $40,000 in 1998, $26,000 in 1999, and $50,000 in 2000.

---

[1] (...continued)
to each employee. 26 U.S.C. § 3301-3311. FICA and FUTA taxes often are referred to as employment taxes or payroll taxes.

During 1998 and 1999, Scaturro discussed the company's financial problems with Clark on a weekly basis, but never informed Clark that the employment taxes had not been paid. Charles French, Diamond Plating's outside accountant, contemporaneously prepared Diamond Plating's 1998 and 1999 employment tax returns and advised Scaturro to pay them. French knew that Scaturro did not pay the taxes, and he listed them as liabilities on the corporation's quarterly financial statements.

In March 2000, Scaturro informed Clark that the 1998 and 1999 employment taxes had not been paid and that the tax returns had not been filed. On April 9, 2000, Diamond Plating filed the delinquent quarterly and annual tax returns for 1998 and 1999. In July 2000, Clark obtained two bank loans to help pay the delinquent taxes and interest. Between June 2000 and March 2002, Diamond Plating paid the delinquent taxes and interest, which totaled over $300,000.

The IRS assessed penalties against Diamond Plating for failure to timely file its FICA and FUTA returns under 26 U.S.C. § 6651(a)(2), for late payment under 26 U.S.C. § 6651(a)(2), and for failure to deposit taxes under 26 U.S.C. § 6656(a). The penalties totaled over $130,000. Diamond Plating paid a portion of the penalties, but then filed a request for refund and abatement of penalties on September 25, 2000. After the IRS denied Diamond Plating's request by letter dated April 17, 2003, Diamond Plating filed this lawsuit. The government filed a motion for summary judgment, and the court held a hearing on the motion. Ruling from the bench, the district judge rejected Diamond Plating's arguments that financial difficulties and deception by Scaturro precluded it from paying the employment taxes, and concluded that Diamond Plating had no reasonable excuse under the law for its noncompliance. The district judge granted the government's motion, a decision we review *de novo.*

## II. Discussion

The Internal Revenue Code requires employers to withhold FICA taxes from the wages of their employees, remit the withheld taxes to the IRS on a quarterly basis, and report the amount of the withheld taxes on a quarterly payroll tax return. 26 U.S.C. §§ 3101-3111. While they are still in the possession of the employer, the withheld funds are referred to as "trust fund" taxes, with the employer acting as a trustee for the government. *In re Avildsen Tools & Machine, Inc.*, 794 F.2d 1248, 1249 (7th Cir. 1986). "Nontrust fund" taxes, on the other hand, are taxes that are not collected from employees' wages, such as an employer's share of Social Security taxes. *Id.* The Code also requires employers to file an annual FUTA tax return and pay the corresponding unemployment tax liability. 26 U.S.C. § 3301-3311. Where an employer fails to file FICA or FUTA tax returns, or fails to deposit or pay the FICA or FUTA tax liability shown on the tax returns, the Code provides for a mandatory penalty, unless the taxpayer shows that the failure was due to reasonable cause and not due to willful neglect. 26 U.S.C. § 6651(a)(1); 26 U.S.C. § 6651(a)(2); 26 U.S.C. § 6656(a).

In the instant case, Diamond Plating failed to timely file its employment tax returns for 1998 and 1999, and failed to timely deposit and pay its corresponding tax liability. The sole issue before us is whether Diamond Plating has established reasonable cause to excuse its noncompliance. Although the Code does not define reasonable cause, the relevant Treasury regulation requires Diamond Plating to demonstrate that despite exercising "ordinary business care and prudence," it "was nevertheless either unable to pay the tax or would suffer an undue hardship if [it] paid on the due date." 26 C.F.R. § 301.6651-1(c)(1). When assessing Diamond Plating's ability to pay the taxes, "consideration will be given to all the facts and circumstances of [its] financial situation. . . ." *Id.* The regulations also provide that the

employer will be held to a heightened standard when trust fund taxes are at issue. 26 C.F.R. § 301.6651-1(c)(2). The Supreme Court has described the taxpayer's burden in establishing reasonable cause as a heavy one. *United States v. Boyle*, 469 U.S. 241, 245, 105 S.Ct. 687, 83 L. Ed. 2d 622 (1985).

Diamond Plating contends that it had reasonable cause for nonpayment of its employment taxes due to financial distress caused by the loss of its main customer in late 1995. Diamond Plating points out that Virco accounted for 80% of its business until the end of 1995, when Virco moved its metal finishing in-house. With the loss of Virco's business, Diamond Plating's revenue decreased by more than 50% between 1995 and 1996. Diamond Plating urges us to join a number of other circuits by recognizing that financial hardship can, under some circumstances, justify failure to pay and deposit employment taxes, and to find that a reasonable jury could find those circumstances present in this case. *See Van Camp & Bennion v. United States*, 251 F.3d 862, 868 (9th Cir. 2001); *East Wind Corp., Inc. v. United States*, 196 F.3d 499, 507-08 (3d Cir. 1999); *Fran Corp. v. United States*, 164 F.3d 814, 819 (2d Cir. 1999). *But see Brewery, Inc. v. Commissioner*, 33 F.3d 589, 592 (6th Cir. 1994). According to Diamond Plating, it would have been forced out of business or into bankruptcy if it had paid the 1998 and 1999 employment taxes.

We agree with the majority of circuit courts that have considered this issue, and recognize that financial hardship may constitute reasonable cause for abatement of penalties for nonpayment of taxes in some circumstances. Nevertheless, we have little trouble concluding that those circumstances are not present in this case. First, Diamond Plating paid taxes in 1996 when its revenue was at its low point, but then failed to pay employment taxes in 1998 and 1999, by which time it had resumed doing business with Virco and substantially restored its revenue level. Second, in the

middle of the asserted financial distress, Diamond Plating's three corporate officers saw fit to increase their own salaries. In fact, between 1997 and 2000, the corporate officers' salaries increased by 70%, which had the dual effect of dissipating funds that could have been used to pay the taxes and increasing the company's unpaid employment tax liability. Third, all other creditors were paid during 1998 and 1999, and a number of payments were made to Clark, the company president, on a loan made to Diamond Plating. Finally, when Scaturro informed Clark in 2000 about the failure to pay the employment taxes, Clark took immediate action to pay off the delinquent taxes and interest, which suggests that the company had an available source of credit in times of financial difficulty. In light of these facts, no reasonable jury could find that Diamond Plating's financial situation excused its failure to pay employment taxes in 1998 and 1999.

We also note that some of the delinquent taxes were trust fund taxes. Rather than remitting these taxes to the government on a quarterly basis after withholding them from employee wages, Diamond Plating used the funds for operating expenses. Because this practice makes the government "an unwilling partner in a floundering business," *Collins v. United States*, 848 F.2d 740, 741-42 (6th Cir. 1988), companies withholding trust fund taxes must provide strong justification to avoid penalties. Diamond Plating has failed to provide such a justification. Indeed, the undisputed evidence shows that the company's officers favored all other creditors and themselves over the government, which severely undermines Diamond Plating's arguments about financial distress.

Diamond Plating also argues that Scaturro, the company's secretary-treasurer, incapacitated the company by concealing the nonpayment of taxes. We find this argument to be unpersuasive. French, Diamond Plating's outside accoun-

tant, contemporaneously prepared the employment tax returns for 1998 and 1999, and instructed Scaturro to pay the liability and file the returns. Scaturro did not pay the taxes or file the returns, but did not conceal this fact from anyone; the corporate officers did not ask Scaturro about it, and she did not mention it. French was aware of the nonpayment of taxes, and listed the tax liabilities on the corporation's quarterly financial statements. We cannot understand why French did not alert Clark or Cox about Scaturro's inaction; nevertheless, Scaturro's nonperformance of her job responsibilities is not the government's problem, and did not excuse Diamond Plating from filing, depositing, and paying its taxes. A modest amount of oversight of Scaturro or the quarterly financial statements would have revealed the problem, and the failure to provide such oversight indicates a lack of ordinary business care and prudence. We accordingly reject Diamond Plating's invitation to excuse its noncompliance on the basis of Scaturro's inaction, and conclude that Diamond Plating has failed to carry its heavy burden of showing reasonable cause for nonpayment of taxes.

### III.  Conclusion

For the reasons stated herein, we AFFIRM the decision of the district court.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*