T.C. Memo. 2010-81

UNITED STATES TAX COURT

MCNAIR EYE CENTER, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18262-08L.          Filed April 19, 2010.

James R. McNair (an officer), for petitioner.

William F. Castor, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, Judge:  Pursuant to section 6330(d), petitioner seeks review of respondent's determination to proceed with a proposed levy.  All section references are to the Internal Revenue Code, as amended.

## FINDINGS OF FACT

The parties have stipulated some facts, which we incorporate herein. When it petitioned the Court, petitioner was located in Arkansas. During the periods at issue, Dr. James R. McNair was petitioner's only corporate officer.

In late 2004 Dr. McNair hired a certified public accountant (C.P.A.) as petitioner's administrator, bookkeeper, and accountant. The C.P.A.'s duties included filing petitioner's Forms 941, Employer's Quarterly Federal Tax Return, and remitting the related tax. The C.P.A. failed to do so, which Dr. McNair first discovered in early 2006 when the C.P.A. left petitioner's employment. As a result, petitioner's Forms 941 for the three taxable quarters ending March 31, June 30, and September 30, 2005, were filed late on February 3, 2006.[1] Petitioner did, however, timely file its Form 941 for its taxable quarter ending December 31, 2005. For each of its 2005 taxable quarters (including the last quarter), petitioner failed to pay all of the tax reported on its Form 941 and failed to make all required Federal tax deposits.

At various dates in March and April 2006 respondent assessed the taxes that petitioner had reported on its quarterly Forms 941 for 2005. For each taxable quarter, respondent assessed

---

[1]The record does not reveal whether or when petitioner filed its Form 941, Employer's Quarterly Federal Tax Return, for the last taxable quarter of 2004.

additions to tax under section 6651(a)(2) for failure to pay tax and penalties under section 6656 for failure to make required deposits.  For the first three taxable quarters of 2005, respondent also assessed additions to tax under section 6651(a)(1) for filing Forms 941 late.  On June 13, 2007, petitioner paid the trust fund portion of its assessed Federal employment tax; petitioner has not paid the nontrust fund portion, additions to tax, penalties, or accrued interest.

On October 29, 2007, respondent sent petitioner Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to unpaid assessed amounts for taxable quarters ended December 31, 2004, through December 31, 2005.[2]  In response, petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing), with respect to all of the quarters listed in the notice.  Petitioner requested an installment agreement or offer-in-compromise as a collection alternative.  On April 22, 2008, the settlement officer conducted the CDP hearing by telephone with petitioner's representative.

On June 18, 2008, respondent's Office of Appeals (Appeals) issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 covering petitioner's 2005 taxable

---

[2]The record is unclear as to when or whether respondent assessed petitioner's employment tax for the last taxable quarter of 2004.

quarters.[3]  In this determination notice, the settlement officer
denied petitioner's request to abate additions to tax and
penalties, concluding that petitioner had failed to show
reasonable cause.  The settlement officer also concluded that
petitioner did not qualify for a collection alternative, partly
because petitioner had failed to provide financial information
relating to Dr. McNair.

### OPINION

Section 6330 generally requires the Secretary to furnish a
person notice and opportunity for a hearing before making a levy
on the person's property.[4]  At the hearing, the person may raise
any relevant issue relating to the unpaid tax or proposed levy,

---

[3]For reasons that are unclear from the record, the
settlement officer apparently determined that Appeals would not
consider petitioner's taxable quarter ending Dec. 31, 2004, as
part of the collection due process (CDP) hearing.  See infra note
4.

[4]As an exception to this general rule, the CDP notice and
pre-levy CDP hearing are not required if the Secretary issues a
levy to collect Federal employment taxes and the taxpayer subject
to the levy had previously requested a CDP hearing with respect
to unpaid employment taxes arising in the 2-year period before
the beginning of the taxable period with respect to which the
employment tax levy is served.  Sec. 6330(f)(3), (h).  It is
unclear whether this provision might have been implicated in the
settlement officer's determination that petitioner was not
entitled to a CDP hearing with respect to the last quarter of
2004.  See supra note 3.  In this proceeding, petitioner has
raised no issue regarding this matter.  In any event, because the
determination notice upon which this proceeding is predicated
does not cover petitioner's yearend 2004 taxable quarter, we lack
jurisdiction in this proceeding with respect to this matter.  See
sec. 6330(d)(1).

including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2)(A).  The person may challenge the existence or amount of the underlying tax liability for any period only if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability.  Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604 (2000).  Once Appeals issues a notice of determination, the person may seek judicial review in this Court.  Sec. 6330(d)(1); Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019.

Respondent concedes that petitioner is entitled in this collection proceeding to challenge its underlying liability for the additions to tax and penalties.  See Katz v. Commissioner, 115 T.C. 329, 339 (2000).  We review petitioner's challenge to its liability de novo.  Sego v. Commissioner, supra at 610.

Section 6651(a)(1) Additions to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted. The addition equals 5 percent of the net amount due for each month that the return is late, not to exceed 25 percent.  Sec. 6651(a)(1), (b)(1).  It is undisputed that for each of the first

three taxable quarters of 2005 petitioner failed to timely file Form 941.

The addition to tax under section 6651(a)(1) shall not apply if it is shown that the failure to timely file is due to reasonable cause and not due to willful neglect.  Sec. 6651(a)(1).  A delay is due to reasonable cause if "the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Petitioner bears the burden of proving that its failure to timely file was due to reasonable cause and not to willful neglect.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioner maintains that it had reasonable cause for late filing because it relied on the C.P.A. to file the Forms 941 on time.  Failure to timely file is not excused by a taxpayer's reliance on an agent, and such reliance is not reasonable cause for a late filing under section 6651(a)(1).  United States v. Boyle, 469 U.S. 241, 252 (1985).

At trial Dr. McNair acknowledged that he "never paid any attention" to whether the C.P.A. actually paid petitioner's employment taxes and that he never discussed it with the C.P.A. because "The subject never came up."  Dr. McNair also acknowledged that petitioner had a history of failing to file and pay employment taxes in 2 prior years.  Particularly in the light

of this history, petitioner's failure to adequately oversee the C.P.A.'s performance of his duties indicates a lack of ordinary business care and prudence, especially considering that the C.P.A. had been recently hired.  See generally <u>Diamond Plating Co. v. United States</u>, 390 F.3d 1035, 1039 (7th Cir. 2004). Petitioner has not established reasonable cause for its failure to file.  We sustain the additions to tax under section 6651(a)(1).

<u>Section 6651(a)(2) Additions to Tax</u>

Section 6651(a)(2) imposes an addition to tax for failing to pay taxes shown on a return on or before the date prescribed (taking into account any extension of time for payment), unless it is shown that the failure is due to reasonable cause and not due to willful neglect.  It is undisputed that petitioner failed to timely pay the taxes shown on its Forms 941 for all its 2005 taxable quarters.

The regulations provide:

A failure to pay will be considered to be due to reasonable cause to the extent that the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship (as described in § 1.6161-1(b) of this chapter) if he paid on the due date.  In determining whether the taxpayer was unable to pay the tax in spite of the exercise of ordinary business care and prudence in providing for payment of his tax liability, consideration will be given to all the facts and circumstances of the taxpayer's financial situation * * *  [Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.]

The employer may be held to a heightened standard when trust fund taxes are at issue.  Sec. 301.6651-1(c)(2), Proced. & Admin. Regs.

Although Dr. McNair testified that petitioner was having financial difficulties in 2005, the record does not provide a clear picture of petitioner's financial circumstances. Particularly taking into account the heightened standard that applies to nonpayment of trust fund taxes, petitioner has not satisfactorily shown that it exercised ordinary business care and prudence but nevertheless was unable to pay its taxes or would have suffered undue hardship if it had paid the taxes when due. We sustain the additions to tax under section 6651(a)(2).

Section 6656 Penalty

Section 6656(a) imposes a penalty for failing to timely make a required deposit of taxes in an authorized Government depository unless the failure was due to reasonable cause and not willful neglect.  Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 109 (2003), affd. 425 F.3d 1203 (9th Cir. 2005).  It is undisputed that petitioner failed to timely make all its required deposits for the taxable quarters at issue. Petitioner has not established reasonable cause for this failure. We sustain the section 6656 penalties.

Collection Alternatives

On brief, without elaboration, respondent states that he "concedes that respondent's Settlement Officer abused his discretion in determining that petitioner was not eligible for a reasonable collection alternative to respondent's proposed levy action because petitioner did not submit a Form 433-A, Collection Information Statement, for Dr. James McNair." We are left in doubt as to the intended import of this concession, especially in the light of the concluding statement of respondent's brief urging that respondent's determination be sustained. At trial Dr. McNair testified that he believed his representatives had provided the settlement officer all information requested. The administrative record, as stipulated by the parties, is inconclusive and possibly incomplete in this regard. In the light of this circumstance and respondent's concession, we shall remand this matter to Appeals to give petitioner an opportunity, if it wishes, to propose a new collection alternative.

To reflect the foregoing,

An appropriate order
will be issued.