T.C. Memo. 2017-133

UNITED STATES TAX COURT

XIBITMAX, LLC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3867-15L.                    Filed July 5, 2017.

Eric William Johnson, for petitioner.

Shannon M. Harmon, Melissa Jane Hedtke, and John Schmittdiel, for

respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, Judge:  This case is before the Court on a petition for review of a

Notice of Determination Concerning Collection Action(s) Under Section(s) 6320

[*2] and/or 6330 (notice of determination).[1] Petitioner seeks review of respondent's determination to proceed with the collection of $72,706 in penalties and additions to tax arising from petitioner's failure to file timely Forms 941, Employer's Quarterly Federal Tax Return, for 10 consecutive quarters ending March 2009 through June 2011, and Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for tax year 2010, as well as for failure to pay and make required deposits of the associated employment and trust fund taxes for all periods above (periods at issue).[2]

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2]We use the term "employment and trust fund tax" to refer to taxes under the Federal Insurance Contributions Act (FICA), the Federal Unemployment Tax Act (FUTA), and employee income tax withholding. See Weber v. Commissioner, 138 T.C. 348, 357 (2012); Stevens Tech. Inc. v. Commissioner, T.C. Memo. 2014-13, at *27-*29; Otto's E-Z Clean Enters., Inc. v. Commissioner, T.C. Memo. 2008-54, slip op at 2 n.2.

**[\*3]**   After concessions by the parties,[3] the only issues remaining for decision are whether petitioner is liable for the  additions to tax under section 6651(a)(1) and (2) and for the penalty under section 6656(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner, Xibitmax, LLC, is a limited liability company organized and having its principal place of business in Minnesota.

Bruce Powell founded petitioner in 2005.  He has always been its sole shareholder and officer.  Petitioner operates nationally in the business of designing and constructing trade show displays.  The nationwide scope of petitioner's business requires Mr. Powell to travel frequently to various conventions and trade shows where he supervises and coordinates the installation of his designs and displays.

In late 2005, owing to this frequent travel, Mr. Powell sought to hire an additional employee to manage petitioner's day-to-day front office operations.  On

---

[3]Petitioner concedes that it did not seek a collection alternative or challenge the lien or the proposed levy as defective or on procedural grounds and does not seek to do either as part of this case.  Respondent concedes that petitioner was not previously afforded an opportunity to dispute the penalties and additions to tax for the periods at issue and may do so as part of this case.

[*4] the recommendation of his colleagues within the community, Mr. Powell hired a full-time office administrator who had ably performed with other similarly sized businesses in the area. She was initially tasked with maintaining petitioner's accounts payable and receivable and tracking basic job costs. As time progressed, however, Mr. Powell recognized he would soon need to begin addressing petitioner's payroll and the associated employment and trust fund taxes. Mr. Powell assigned these duties to the office administrator, believing she was wholly capable of managing these new responsibilities, without giving regard to the fact that she--like Mr. Powell--had no experience in these fields. Mr. Powell did not establish any controls or other means for monitoring her performance.

In late 2008 the office administrator assumed part-time status, working only one or two days a week. Although her attendance had become sporadic, Mr. Powell believed she was keeping up with all of her job assignments. Faced with unfavorable market conditions and difficulties sustaining cashflow in the first quarter of 2009, Mr. Powell directed the office administrator to "defer payment" of petitioner's employment and trust fund taxes until later that year, which she did.

In late 2009 Mr. Powell directed the office administrator to resume payment of petitioner's employment and trust fund taxes; she did not. Although Mr. Powell had, by this time, assumed some of the administrator's office duties--in the light of

**[\*5]** her waning attendance--and had full access to and often reviewed petitioner's books and only checking account, it eluded his attention that petitioner was continually failing to pay its employment and trust fund taxes. Throughout this period petitioner continued to pay its suppliers, vendors, and creditors while continuing to withhold employment taxes from its employees.

In 2011 petitioner discharged the office administrator. Mr. Powell hired temporary staffers to address the backlog in her work, and he transferred administration of petitioner's payroll to an outside agency. The temporary staffers brought to Mr. Powell's attention their discovery of petitioner's continued tax noncompliance. Despite this discovery, Mr. Powell directed the staffers to focus on other issues and declined to address petitioner's tax noncompliance.

It was not until 2013, when respondent contacted petitioner's outside payroll agency and requested petitioner's delinquent filings, that petitioner made an effort to come into full compliance with its tax filing, but not its tax payment, obligations. On January 24, 2014, petitioner filed Form 941 returns for its first and second quarters of 2011. On August 5, 2014, petitioner filed its remaining Form 941 returns for all quarters of 2009 and 2010 and its Form 940 for year 2010. As petitioner filed these returns, respondent assessed the tax there reported and applied additions to tax and penalties under sections 6651(a)(1) and (2) and

[*6] 6656.  While petitioner has made some payments toward these accumulated liabilities to date, each period at issue still carries a balance.

On July 29, 2014, respondent sent a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, with respect to petitioner's unpaid liabilities for the first and second quarters of 2011.  On September 8, 2014, respondent mailed petitioner a Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, for the same.  On October 21, 2014, respondent mailed petitioner another Letter 1058, this one seeking to collect by levy petitioner's unpaid 2009 and 2010 liabilities.

In response to each of these letters, petitioner filed a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing.  In its request petitioner sought only abatement of the assessed penalties and additions to tax.  On December 5, 2014, a settlement officer (SO) with respondent's Appeals Office conducted a face-to-face collection due process (CDP) hearing with petitioner's representative.  The SO determined petitioner was ineligible for the requested relief, as petitioner was unable to show its failures were grounded in reasonable cause.  On January 12, 2015, the Appeals Office issued petitioner a notice of determination sustaining the collection actions, additions to tax, and penalties.

[*7]                              OPINION

I.      Jurisdiction and Standard of Review

Sections 6320 and 6330 require the Commissioner to notify a taxpayer if he has filed a lien or intends to levy on that taxpayer's property. The notice must inform the taxpayer of his or her right to a CDP hearing regarding the filing of a lien or the proposed collection action. Secs. 6330(a), 6320(a). In a CDP hearing taxpayers may raise any relevant issue or request the consideration of a collection alternative. Sec. 6330(c)(2)(A). Taxpayers may not challenge the existence or amount of the underlying tax liability unless they did not otherwise have an opportunity to do so. Sec. 6330(c)(2)(B). Once the Commissioner issues a notice of determination at the conclusion of the CDP hearing, the taxpayer may seek judicial review by filing a petition with this Court. Sec. 6330(d).

When the underlying tax liability was properly at issue in the CDP hearing, we review the Commissioner's determination de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Respondent concedes that petitioner is entitled to challenge its underlying liabilities for the penalties and additions to tax. Accordingly, we review petitioner's liabilities de novo.

**[\*8]** Petitioner concedes it failed to file timely and failed to pay and deposit the required employment and trust fund taxes. Petitioner maintains its failures were due to reasonable cause and believes the assessed penalties and additions to tax are inappropriate. Petitioner bears the burden of proving reasonable cause and establishing that the penalties or additions to tax are inappropriate. See Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

II.    Section 6651(a) Addition to Tax:  Failure To Timely File

Section 6651(a)(1) imposes upon taxpayers an addition to tax for failure to file a timely return. The addition to tax will not apply if the taxpayer shows its failure was due to reasonable cause, not willful neglect. Id. A taxpayer demonstrates reasonable cause when it shows that, despite exercising ordinary business care and prudence, it was unable to file the return on time. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. The obligation to file timely is the taxpayer's, unambiguous and nondelegable, and reliance on an agent generally will not amount to reasonable cause for untimely filing. United States v. Boyle, 469 U.S. 241, 249-252 (1985). Taxpayers bear a heavy burden when attempting to prove reasonable cause for failure to file timely. Id. at 245; see Boles Trucking Inc. v. United States, 77 F.3d 236, 241 (8th Cir. 1996).

[*9]  Petitioner concedes it failed to file timely returns for all periods at issue. Petitioner argues, however, it had reasonable cause as it had relied on its employee for the timely preparation and filing of Forms 941 and 940.

Mr. Powell, as petitioner's sole owner and officer, was aware of petitioner's employment and trust fund tax filing obligations but was unfamiliar with the process and procedure.  Despite his own unfamiliarity, he tasked an administrative employee with the duty of preparing and filing petitioner's tax returns.  This employee did not hold herself out as having any credentials, experience, or training in the preparation, filing, or payment of employment and trust fund tax returns.  Mr. Powell, however, believed she would be up to the task despite her lack of know-how and experience.  Petitioner did not supervise or monitor the quality of the employee's work and had no system in place to do so.

The employee worked part time--"once or twice a week"--during the periods in issue.  Although the employee was often the only worker managing petitioner's front-office affairs, petitioner was not concerned with her irregular attendance and continued to believe she would be capable of executing her collective duties, not just the management of petitioner's employment and trust fund tax filings but also the administration of nearly every other aspect of its day-to-day front office operations.

**[\*10]** Petitioner was by no means disabled from ensuring it was meeting its statutory duties. It was not rendered incapable of filing by a series of factors largely beyond its control. See Boyle, 469 U.S. at 248 n.6. Petitioner's failure to file timely resulted from its reliance on an unqualified part-time employee. Supervision of the output and quality of an employee's work product is a factor wholly under an employer's control. Petitioner's failure to adequately oversee its employee's performance--or, here, to ensure that the employee was simply performing--was objectively unreasonable and is indicative of a lack of business care and prudence if not reckless indifference. We sustain respondent's determination as to the section 6651(a)(1) additions to tax.

III.     Section 6651(a)(2) Addition to Tax:  Failure To Timely Pay

Section 6651(a)(2) imposes upon a taxpayer an addition to tax for failing to pay taxes when due. Like the addition for failure to file timely, this addition will not be applied if the taxpayer establishes reasonable cause for its failure. Sec. 6651(a)(2). To show reasonable cause, the taxpayer must have exercised ordinary business care and prudence in making adequate provision for its reasonably foreseeable tax obligations and have taken the appropriate and prudent steps necessary to ensure compliance therewith. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. When payment of trust fund taxes is at issue, taxpayers may be held

[*11] to a heightened standard.  Id. subpara. (2); see Diamond Plating Co. v. United States, 390 F.3d 1035, 1038 (7th Cir. 2004); Concert Staging Servs., Inc. v. Commissioner, T.C. Memo. 2011-231, slip op. at 12.

Petitioner concedes it failed to, and has yet to, fully pay its employment and trust fund tax liabilities for the periods at issue.  As before, petitioner's reasonable cause argument takes the shape of reliance on its employee.  And as before, reliance on an undersupervised, underqualified, part-time employee is insufficient to establish ordinary business care and prudence.

Mr. Powell testified that, on at least one occasion, he directed his employee not to remit--to "defer"--payment of petitioner's employment and trust fund taxes.  This was done in early 2009 while petitioner was facing cashflow problems during a national economic recession.  Later that year, however, he instructed his employee to resume making timely payments on petitioner's tax obligations, but the payments never resumed.

During all periods at issue petitioner continued to withhold employment taxes from the paychecks of its employees and continued to pay its vendors and creditors.  Although he had access to, and would frequently review, petitioner's only bank account, Mr. Powell never noticed, or chose to overlook, the fact that

[*12] petitioner's employment and trust fund tax payments were not being drawn from its account.

When petitioner's noncompliance was brought to its attention in 2011, petitioner declined to take any remedial actions. Petitioner took no action until 2014. To date petitioner has failed to fully pay the principal balances for the periods at issue.

To the extent that petitioner attempts to present hardship or inability to pay as reasonable cause, petitioner fails to meet its burden of proof. Petitioner offered only the uncorroborated testimony of its sole officer and shareholder as to the nature of petitioner's financial status during the periods at issue. Although Mr. Powell credibly testified that petitioner suffered during the economic downturn of the periods at issue, this does not alone establish reasonable cause.

During the periods at issue petitioner was able to continue operations, market its services to clients, and pay its vendors, creditors, and employees. Petitioner's failure to comply with its employment and trust fund tax obligations resulted from a choice to focus on business matters rather than tax compliance. There was no ordinary and prudent care or consideration taken by petitioner to ensure it complied with its known Federal tax obligations. We sustain the additions to tax under section 6651(a)(2).

**[\*13]** IV.  <u>Section 6656 Penalty:  Failure To Deposit</u>

Section 6656(a) imposes a penalty for a taxpayer's failure to make timely deposits of tax unless the failure was due to reasonable cause and not willful neglect.  In evaluating reasonable cause under section 6656, the Court looks to the analogous provisions of section 6651(a)(2).  See <u>Stevens Techs., Inc. v. Commissioner</u>, T.C. Memo. 2014-13, at \*30.  Petitioner admits it failed to make its required deposits for the periods at issue.  Under the facts of this case, including the alleged miscommunication between Mr. Powell and his office administrator, and the poor performance of the same, petitioner has not established reasonable cause for its failures.  We sustain the section 6656 penalties.  See <u>McNair Eye Ctr. Inc. v. Commissioner</u>, T.C. Memo. 2010-81.

In the light of our holdings above, and recognizing the concessions between the parties, we sustain the notice of determination and the related collection actions.  We have considered all the other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

[*14] To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.