T.C. Memo. 2019-130

UNITED STATES TAX COURT

WIND SURF AND SAIL POOLS, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14898-17L.                    Filed October 1, 2019.

Joseph Falcone, for petitioner.

Robert D. Heitmeyer and Samuel M. Warren, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, Judge:  This case is before the Court on a timely petition for review

of a Notice of Determination Concerning Collection Action(s) Under Section(s)

6320 and/or 6330 (notice of determination).[1]  Petitioner seeks review of

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

**[\*2]** respondent's determination to proceed with the collection of tax arising from petitioner's failure to timely file Forms 941, Employer's Quarterly Federal Tax Return, for quarters ending September 2013, June 2014, September 2015, and December 2015, and Forms 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for tax years 2014 and 2015, as well as for failure to pay and make required deposits of the associated employment and trust fund taxes for all periods above (periods at issue).[2]

The issue for decision is whether the Internal Revenue Service (IRS) Office of Appeals (Appeals Office) abused its discretion in sustaining the filing of the notice of Federal tax lien (NFTL) for the periods at issue and rejecting an installment agreement requested by petitioner.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time the petition was filed,

---

[1](...continued)
Revenue Code in effect at all relevant times. All monetary amounts are rounded to the nearest dollar.

[2]We use the term "employment and trust fund taxes" to refer to taxes under the Federal Insurance Contributions Act (FICA), the Federal Unemployment Tax Act (FUTA), and employee income tax withholding. See Xibitmax, LLC v. Commissioner, T.C. Memo. 2017-133, at \*2 n.2.

[*3] petitioner, Wind Surf & Sail Pools, Inc., was a Michigan corporation organized and having its principal place of business in Michigan.

Petitioner's primary business is the seasonal selling and building of in-ground swimming pools. Petitioner also maintains a retail outlet.

Respondent sent petitioner three notices of NFTL filing, advising petitioner of its right to a collection due process (CDP) hearing. On September 8, 2016, respondent sent petitioner a notice of NFTL filing (CDP notice 1) with respect to petitioner's unpaid Form 940 liability for tax year 2014 of $1,819. On September 20, 2016, respondent sent petitioner a notice of NFTL filing (CDP notice 2) with respect to petitioner's unpaid Form 940 liability for tax year 2015 of $2,081 and petitioner's unpaid Form 941 liability for the quarter ending December 2015 of $30,039. On November 3, 2016, respondent sent petitioner a notice of NFTL filing (CDP notice 3) with respect to petitioner's unpaid Form 941 liabilities for quarters ending September 2013, June 2014, and September 2015. The notice reported outstanding amounts owed of $67,271, $41,940, and $64,224 for September 2013, June 2014 and September 2015, respectively.

In response to the notices of NFTL filing, petitioner timely submitted two Forms 12153, Request for a Collection Due Process or Equivalent Hearing. On September 29, 2016, petitioner submitted a Form 12153 (CDP request 1) regarding

[*4] CDP notice 1 and CDP notice 2.  In CDP request 1, petitioner sought withdrawal of the NFTL; and although petitioner did not check the box marked "Installment Agreement", it stated:  "Taxpayer requests an installment agreement for all taxes owed.  Taxpayer is in federal court against the U.S. to collect these taxes.  No action should be taken against taxpayer."  On November 10, 2016, petitioner submitted a Form 12153 (CDP request 2) regarding CDP notice 3.  In its request, petitioner stated that it desired a collection alternative and checked the boxes marked "Installment Agreement", "Offer in Compromise", and "I Cannot Pay Balance".  Petitioner also sought withdrawal of the NFTL and indicated that "[t]axpayer is going to file an OIC when the U.S. District Court case is settled and amount of taxes are determined."

On February 27, 2017, a settlement officer (SO) from the IRS Appeals Office mailed petitioner a letter that scheduled a telephone CDP hearing for March 27, 2017.  The SO informed petitioner that, in order for her to consider a collection alternative, petitioner must provide:  (1) a completed Form 433-B, Collection Information Statement for Businesses; (2) signed Forms 940 and 941 for the tax period ending December 31, 2016; and (3) proof of a timely deposit for all Federal employment taxes for the current quarter.  The SO also informed petitioner that all items listed above must be received within 14 days of the date of the letter and that

[*5] the signed tax returns must be received within 21 days of the date of the letter. Petitioner submitted none of the requested documents and did not otherwise communicate with the SO before the hearing.

On March 27, 2017, the SO held a telephone CDP hearing with petitioner's representative. During the hearing, the SO again requested the financial information she had previously requested. The SO granted petitioner until March 31, 2017, to provide the missing information and set a followup telephone conference for April 3, 2017. On March 30, 2017, petitioner submitted unsigned copies of its Form 940 and Form 941 for the tax period ending December 31, 2016.

On April 4, 2017, the SO held another telephone conference with petitioner's representative and informed him that she had received the tax returns but could not process them because they were unsigned. The SO informed petitioner's representative that petitioner would need to submit a signed Form 940 and Form 941 along with payroll records which indicated liability for the first quarter of 2017[3] and that if petitioner did not provide the requested documents her next action would be to issue a notice of determination sustaining the enforcement

_____

[3]The SO also requested Form 941 for the quarter ending March 31, 2017, to ascertain whether petitioner was currently in compliance with all deposit obligations.

[*6] actions. On April 4, 2017, petitioner's representative faxed to the SO a signed Form 940 and Form 941 for the tax period ending December 31, 2016, and a cover letter stating that "the taxpayer said they were up to date for the first quarter 941."

On April 18, 2017, the SO left petitioner's representative a lengthy voicemail acknowledging receipt of the signed tax returns and requesting that, as soon as the Form 941 for the quarter ending March 31, 2017, was available, a copy be provided to show compliance. The SO also requested that, as mandatory deposits of the associated employment and trust fund taxes were made, proof be provided. Petitioner submitted none of the requested documents and did not otherwise communicate with the SO.[4]

On May 30, 2017, the SO conducted a final review of the case and determined that all legal and procedural requirements had been met regarding the NFTL. On June 15, 2017, the SO issued a notice of determination sustaining the NFTL filing and concluded that she could not consider any collection alternatives

_____

[4]On April 18, 2017, the SO received a call from the U.S. Department of Justice (DOJ) to verify that the SO had received the tax returns for tax period ending December 31, 2016. The SO confirmed that she had received the returns and they had been processed. Further, DOJ stated that petitioner's District Court case was closed. The SO did not share any information with DOJ as to the Appeals Office's position on the CDP hearing.

**[\*7]** because petitioner had not filed a Form 941 for the quarter ending March 31, 2017,[5] and had not submitted a completed Form 433-B, supporting financial information, or proof of ongoing compliance with deposit requirements.

On July 10, 2017, petitioner timely filed a petition with this Court. On July 16, 2018, respondent filed a motion for summary judgment, and on August 13, 2018, petitioner filed a response objecting to the motion. On September 17, 2018, this case was called from the calendar at the Court's trial session in Detroit, Michigan. The parties appeared and filed a stipulation of facts with exhibits. As a result of the trial, we will deny respondent's motion for summary judgment.

OPINION

I.      Standard of Review

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity of the taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where (as here) the taxpayer's

---

[5]Petitioner's Form 941 for the quarter ending March 31, 2017, was due on April 30, 2017, but was untimely filed on January 19, 2018.

[*8] underlying liability is not before us, we review the IRS' determination for abuse of discretion only. See Thompson v. Commissioner, 140 T.C. 173, 178 (2013). Abuse of discretion may be found if an action is arbitrary, capricious, or without sound basis in fact or law. Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). We do not generally consider issues that were not properly raised in the CDP hearing. See Giamelli v. Commissioner, 129 T.C. at 113.

II.    Analysis

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer who is liable for taxes after a demand for payment of the taxes has been made and the taxpayer fails to pay. The lien arises when the assessment is made. Sec. 6322. The IRS files an NFTL to preserve priority and put other creditors on notice. See sec. 6323. Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of an NFTL and of the taxpayer's right to an administrative hearing on the matter.

The CDP hearing generally shall be conducted consistent with procedures set forth in section 6330(c), (d), (e), and (g). Sec. 6320(c). Our review of the record establishes that the SO properly discharged all of her responsibilities under section 6330(c).

**[*9]** Taxpayers may raise at a CDP hearing any relevant issue, including challenges to the appropriateness of the collection action and possible collection alternatives. Sec. 6330(c)(2)(A). A taxpayer is expected to provide all relevant information requested by the Appeals Office for its consideration of the facts and issues involved in the hearing. See sec. 301.6320-1(e)(1), Proced. & Admin. Regs.

Petitioner has not disputed its underlying tax liability or that the Appeals Office performed the necessary verification under section 6330(c)(1). Instead, petitioner asserts that the SO abused her discretion in denying its request for an installment agreement because she seemed to raise the bar every time petitioner proved that it was in compliance with its tax obligations by requesting new financial information, such as the request for Form 941 for the quarter ending March 31, 2017.[6] Section 6159(a) gives the IRS authority to enter into installment

---

[6]In its CDP request 2, petitioner checked the box for NFTL withdrawal, but it failed to submit any documentation to show that it qualified for any of the categories justifying NFTL withdrawal under sec. 6323(j). In CDP request 2 petitioner also indicated a desire for an offer-in-compromise (OIC). But it did not submit a completed Form 656, Offer in Compromise, or otherwise pursue an OIC in its communications with the SO. "There is no abuse of discretion when Appeals fails to consider an offer-in-compromise when a Form 656 was not submitted." Gentile v. Commissioner, T.C. Memo. 2013-175, at *9, aff'd, 592 F. App'x 824 (11th Cir. 2014). Similarly, in this hearing request, petitioner also indicated "I Cannot Pay Balance" but did not address this issue during the CDP

(continued...)

[*10] agreements to satisfy tax liabilities when it is determined that they will facilitate full or partial collection.  See Thompson v. Commissioner, 140 T.C. at 179.  Subject to exceptions not relevant here, the decision to accept or reject an installment agreement lies within the IRS' discretion.  See Kuretski v. Commissioner, T.C. Memo. 2012-262, aff'd, 755 F.3d 929 (D.C. Cir. 2014); sec. 301.6159-1(a), (c)(1)(i), Proced. & Admin. Regs.

Although petitioner indicated a desire to enter into an installment agreement, petitioner did not provide the SO with a Form 433-B, proof of ongoing compliance with deposit requirements, or any other necessary information that would justify granting its request.  The SO gave petitioner ample time to submit the required documentation before closing the case.  We have consistently held that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain collection action where (as here) the taxpayer has failed, after being given sufficient opportunities, to supply the required forms and information.  See Huntress v. Commissioner, T.C. Memo. 2009-161, 98 T.C.M. (CCH) 8, 10-11 (2009); Prater v. Commissioner, T.C. Memo. 2007-241, 94 T.C.M. (CCH) 209, 210 (2007).  We have likewise held that it is not an abuse of

---

[6](...continued)
hearing or in its petition.

**[\*11]** discretion for an Appeals officer to reject a collection alternative where the taxpayer is not in compliance with its ongoing tax obligations.  Petitioner was not in compliance with its filing obligations, having failed to file Form 941 for the quarter ending March 31, 2017.  See Cox v. Commissioner, 126 T.C. 237, 257 (2006), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008); Hull v. Commissioner, T.C. Memo. 2015-86, at \*15.

Finding no abuse of discretion, we will sustain the proposed collection action.[7]  In reaching our decision, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.

---

[7]Regarding the scope of our review, respondent argues that the "the Sixth Circuit [the likely appellate venue] abides by the record rule.  So the evidence in this case should be confined to the administrative records."  We need not resolve the question of the scope of our review.  Whether or not we limit our review to the administrative record, we conclude that the SO did not abuse her discretion.