# United States Tax Court

T.C. Summary Opinion 2023-20

DONALD S. TRACY,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 10797-22SL.                    Filed May 30, 2023.

————————

Donald S. Tracy, pro se.

*Francesca Chou*, for respondent.


SUMMARY OPINION

CHOI, *Special Trial Judge*: This case was brought pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the Petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case. Further, the parties submitted this case to the Court fully stipulated for decision without trial pursuant to Rule 122.

In a notice of determination dated April 14, 2022, the Internal Revenue Service (IRS or respondent) sustained the proposed levy action for petitioner's outstanding employment tax liabilities for the periods ending September 30, 2017, through June 30, 2019.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether petitioner's failure to timely file returns and timely pay employment taxes was due to reasonable cause and not willful neglect, such that he is not liable for additions to tax for the periods in issue. *See* § 6651(a)(1) and (2).

## *Background*

The facts have been fully stipulated and are so found. Petitioner was a resident of New York when he timely filed the Petition.

Petitioner, 92 years old at the time of this Opinion, was a sole proprietor who operated a law practice during the periods in issue and had done so for approximately 60 years. He did not timely file returns or timely pay his employment tax liabilities for the periods ending September 30, 2017, through June 30, 2019. During this time petitioner was 87 to 88 years old and was closing his solo law practice because of his declining health and advanced age.

A Navy veteran, petitioner had long been determined disabled because of hearing loss and a back injury that had worsened with time. He was nearly deaf and had significant balance difficulties. Petitioner also suffered from joint disease in his knees and hips (which were in poor condition and needed replacing), atrial fibrillation, hypertension, and cardiopulmonary disease. As he took the steps necessary to close his law practice, petitioner's assistant of more than 25 years helped him in his daily business operations while another attorney substantially worked petitioner's cases. In addition, he relied on a part-time aide for his daily living activities, including grocery shopping, errands, laundry, cooking, and cleaning. During this time, petitioner also cared for his dying wife of 55 years.

An attorney, petitioner had an ethical obligation to his remaining clients. He could not simply close his practice and walk away. Although petitioner's law practice continued to operate, it was not he who did the bulk of the work. Petitioner's assistant and another attorney kept the law practice operating until it closed.

Petitioner's assistant handled his bookkeeping and payroll. Another of petitioner's assistant's duties was to communicate with petitioner's tax preparer and handle petitioner's employment taxes on petitioner's behalf. However, the assistant, privy to the law practice's declining income and fearful of losing her job, did not perform the duties assigned to her in relation to petitioner's employment taxes.

Petitioner was not aware that his assistant had shirked her duties. Upon learning of the unfiled returns and unpaid taxes, petitioner promptly filed the returns and paid the taxes. He did not pay the additions to tax but requested that the IRS abate them. The IRS granted petitioner partial abatement of section 6651(a)(2) failure to pay penalties.

Respondent issued petitioner a levy notice dated August 16, 2021, proposing to collect the unpaid penalties. Petitioner timely requested a collection due process (CDP) hearing, challenging his liability for the penalties. The IRS Independent Office of Appeals (Appeals) assigned the case to a settlement officer (SO). The SO determined that petitioner did not meet the criteria for penalty abatement for reasonable cause under Internal Revenue Manual 20.1.1.3.2.2.1 (Nov. 25, 2011). The SO further found that the IRS had already granted petitioner a partial abatement of the failure to pay penalties. Accordingly, Appeals issued a notice of determination dated April 14, 2022, sustaining the penalties.

*Discussion*

I.    *Standard of Review*

Section 6330(d)(1) grants this Court jurisdiction to review an SO's determination after a CDP hearing. Section 6330(c)(2) prescribes the matters that a taxpayer may raise at a CDP hearing, including spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Where the validity of the underlying tax liability is properly in issue, the Court reviews the SO's determination de novo. *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). Where the validity of the underlying tax liability is not properly in issue, the Court will review the SO's administrative determination for abuse of discretion. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000).

"A taxpayer's underlying tax liability includes penalties and additions to tax that are part of the unpaid tax that the Commissioner seeks to collect." *Dykstra v. Commissioner*, T.C. Memo. 2017-156, at \*16. Petitioner's liabilities stem from the tax he reported in his filed returns. Respondent did not issue petitioner a deficiency notice. Petitioner did not have a prior opportunity to dispute the liabilities at issue. *See Shaddix v. Commissioner*, T.C. Memo. 2022-11 (stating that a taxpayer has not had an opportunity to dispute the underlying tax liability before a CDP hearing where the Commissioner assessed the tax reported in the

taxpayer's return and did not issue the taxpayer a notice of deficiency). We review the notice of determination de novo.

## II. *Burden of Proof*

Section 6651(a)(1) provides for an addition to tax when a taxpayer fails to file a timely return, determined with regard to any extension of time for filing, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Section 6651(a)(2) provides for an addition to tax for failure to timely pay the amount of tax shown on a return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Under section 7491(c), respondent bears the burden of production with respect to the additions to tax. Petitioner does not suggest that respondent has failed to satisfy that burden, and the record supports a finding that he has not. Therefore, petitioner is liable unless he can prove that his failures to timely file returns and pay taxes were due to reasonable cause and not willful neglect. *See* § 6651(a)(1) and (2); *Higbee v. Commissioner*, 116 T.C. 438, 447 (2001).

## III. *Additions to Tax*

### A. *Failure to Timely File*

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file the return, not to exceed 25% in total. Petitioner did not timely file employment tax returns for the relevant periods until January 6, 2020. He is liable for the additions to tax unless his failures to file were due to reasonable cause and not willful neglect.

Whether a taxpayer had "reasonable cause" and lacked "willful neglect" are questions of fact, and the burden of establishing these facts is on the taxpayer. *United States v. Boyle*, 469 U.S. 241, 245 (1985). To prove reasonable cause for failure to timely file a return, the taxpayer must show that he exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time. *Crocker v. Commissioner*, 92 T.C. 899, 913 (1989); Treas. Reg. § 301.6651-1(c)(1). A taxpayer can show that he did not act with "willful neglect" if he can "prove that the late filing did not result from a 'conscious, intentional failure or reckless indifference.'" *Niedringhaus v. Commissioner*, 99 T.C. 202, 221 (1992) (quoting *Boyle*, 469 U.S. at 245–46).

A taxpayer may have reasonable cause for failure to timely file a return where he experiences an illness or incapacity that prevents him from filing the return. *Boyle*, 469 U.S. at 248 n.6; *Jordan v. Commissioner*, T.C. Memo. 2005-266; *Paradiso v. Commissioner*, T.C. Memo. 2005-187. "Where a taxpayer's disability is raised as part of a reasonable cause defense, we have looked to the severity of the disability and the impact it had on the taxpayer's life . . . ." *Jones v. Commissioner*, T.C. Memo. 2006-176, 2006 WL 2423425, at *6.

Illness or incapacity generally does not prevent a taxpayer from filing returns where the taxpayer is able to continue his business affairs despite the illness or incapacity. *See Hazel v. Commissioner*, T.C. Memo. 2008-134, 2008 WL 2095614, at *3–4; *see also Watts v. Commissioner*, T.C. Memo. 1999-416, 1999 WL 1247548, at *2 ("[A] taxpayer's selective inability to perform his or her tax obligations, while performing their regular business, does not excuse failure to file."). Further, failure to timely file is not excused by a taxpayer's reliance on an agent, and such reliance is not reasonable cause for a late filing under section 6651(a)(1). *McNair Eye Ctr., Inc. v. Commissioner*, T.C. Memo. 2010-81, 2010 WL 1558164, at *2 (citing *Boyle*, 469 U.S. at 252).

Notwithstanding petitioner's many difficulties due to his failing health and advanced age, petitioner was diligent in exercising ordinary business care and prudence. He had systems in place to ensure tax compliance. Petitioner's systems had not previously failed him in his approximately 60 years of solo law practice. It was reasonable, and not willfully neglectful, for petitioner to trust his systems' continued reliability. Further, it was not petitioner's reliance on his assistant but his inability to adequately supervise her (due to his failing health and advanced age) that caused his failure to file. Petitioner acted quickly to file the outstanding returns upon discovering he was out of compliance. Had he been able to supervise his assistant properly, petitioner would have ensured that the returns were filed.

B.    *Failure to Timely Pay*

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails "to pay the amount shown as tax on any return . . . on or before the date prescribed for payment of such tax." The addition to tax for failure to pay timely does not apply if a taxpayer shows that his failure was "due to reasonable cause and not due to willful neglect." § 6651(a)(2); *see Higbee*, 116 T.C. at 447.

A taxpayer may show reasonable cause for failure to pay timely by showing he exercised ordinary business care and prudence in providing for payment of his tax liability but was either unable to pay the tax or would have suffered undue hardship if he had paid the tax on the due date. *Fran Corp. v. United States*, 164 F.3d 814, 816 (2d Cir. 1999); *Russell v. Commissioner*, T.C. Memo. 2011-81, 2011 WL 1314673, at \*8 n.9; Treas. Reg. § 301.6651-1(c)(1). Paying the tax on the due date creates an undue hardship for a taxpayer if making the payment on time creates "the risk of a substantial financial loss." *Ruggeri v. Commissioner*, T.C. Memo. 2008-300, 2008 WL 5411919, at \*4.

In determining whether a taxpayer's failure to pay was reasonable, the Court will also consider the nature of the tax at issue. Treas. Reg. § 301.6651-1(c)(2) ("[C]ircumstances which . . . may constitute reasonable cause for nonpayment of income taxes may not constitute reasonable cause for failure to pay over taxes described in section 7501 that are collected or withheld from any other person."). However, the Court must still give consideration "to all the facts and circumstances of the taxpayer's financial situation." *Id.*; *see also Fran Corp.*, 164 F.3d at 819 (stating that taxpayers are not subject to heightened scrutiny for failure to pay trust fund taxes, and the type of tax in issue is only one fact for courts to consider).

Given all the facts and circumstances, petitioner was diligent in exercising ordinary business care and prudence in providing for payment of his tax liabilities but was nevertheless unable to pay timely because of his poor health and advanced age. As previously discussed, petitioner had effective systems in place that failed him in his final years of law practice only because he was unable to supervise his assistant properly. We do not find it necessary to explore whether it would have been an undue hardship for petitioner to pay the additions to tax.

We have considered all of the arguments made by the parties, and to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for petitioner.*